BEN S. HARVEY *vs.* FRED F. SQUIRE & another.

Suffolk.　December 11, 1913. — May 18, 1914.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & DE COURCY, JJ.

*Husband and Wife. Agency,* Existence of relation. *Bills and Notes,* Defense of fraud.

In an action against a husband and wife on a joint and several promissory note signed by them, where the only defense relied upon is that the note was procured by false and fraudulent representations made by the plaintiff, if it appears that the representations alleged to have been fraudulent were made only to the defendant husband and were unknown to the defendant wife when she signed the note, and there is no evidence that the husband acted generally as the agent of his wife in the management of her affairs, the marital relation alone does not warrant a finding that the husband was acting as his wife's agent in the transaction, and, in the absence of other evidence on the subject, a verdict for the plaintiff should be ordered against the defendant wife.

In an action against two defendants on a joint and several promissory note, where it appeared that the note was given for the amount of a balance due to the plaintiff for his salary as the manager of a certain corporation, of which one of the defendants was the treasurer and the other defendant was the principal stockholder, the only defense relied upon was alleged false and fraudulent representations made by the plaintiff to the defendant treasurer that the plaintiff was not interested in a certain competing company with which the defendants alleged that he had established business relations to the detriment of the corporation by which he was employed. Although the defendant treasurer testified that he would not have signed the note if he had known of the plaintiff's misconduct, it did not appear that the plaintiff's statement was made to

induce the defendants to sign the note or that the giving of the note, which was in renewal of a previous note on which a part payment had been made, was in any way affected by it. Nor did it appear that the plaintiff made any statement as to the amount due to him from the corporation or ever asked the defendants, or either of them, to assume the debt of the corporation to him. *Held,* that the evidence disclosed no defense for either of the defendants and that a verdict should be ordered for the plaintiff against both of them.

CONTRACT on two joint and several promissory notes given by the defendants, who were husband and wife, to the plaintiff, both dated November 20, 1911, and payable to the plaintiff on demand, with interest at six per cent per annum, the first note being for $1,000 and the second for $500. Writ dated February 7, 1912.

The defendants' original answer contained a general denial and an allegation of payment, also a denial of the genuineness of the signatures. An amended answer set up the defense of false and fraudulent representations and fraudulent concealment on the part of the plaintiff.

In the Superior Court the case was tried before *Bell,* J. The evidence is described in the opinion. The defendant Fred F. Squire was the treasurer of the F. F. Squire Company, a corporation, of which the defendant Ida F. Squire was the principal stockholder. The defense set up of fraudulent representation and concealment on the part of the plaintiff, which was the only defense relied upon, was based on the following facts: In June, 1911, the plaintiff became interested in or organized the Jackson-Parker Company, a corporation which was engaged in a business similar to that of the F. F. Squire Company and had a place of business near the stands of the F. F. Squire Company; that the plaintiff hired one Jackson who was in the employ of the F. F. Squire Company to leave the employ of the F. F. Squire Company and to go to the Jackson-Parker Company; that the plaintiff and Jackson took a considerable portion of the trade of the F. F. Squire Company to the Jackson-Parker Company, thereby causing a serious financial embarrassment to the F. F. Squire Company and otherwise operated to the detriment of the F. F. Squire Company. The defendant Fred F. Squire testified that in June, 1911, he had a conversation with the plaintiff with reference to the Jackson-Parker Company, saying that he had heard that he had an interest in that company and asked him whether he was interested in the company, and the plaintiff said that he was not. This was the

only evidence of any conversation or representation of the plaintiff with regard to his interest or denial of interest in the Jackson-Parker Company. The defendants had no knowledge of the plaintiff's interest in the Jackson-Parker Company or of his acts in connection with it. At the close of the evidence the plaintiff asked the judge to make the following rulings:

"1. On all the evidence it does not appear that there were any false representations made to the defendant Ida I. Squire, and a verdict should be ordered for the plaintiff against her.

"2. On all the evidence it does not appear that any false representations were made to the defendant Ida I. Squire or that she was induced to sign the note sued on by reason of any false representations made to her by the plaintiff, and therefore a verdict should be rendered for the plaintiff against the defendant Ida I. Squire.

"3. On all the evidence it does not appear that the defendant Ida I. Squire relied upon any representations of the plaintiff and was thereby induced to sign said note, and, therefore, a verdict should be rendered for the plaintiff as against the defendant Ida I. Squire.

"4. On all the evidence, a verdict should be rendered for the plaintiff."

The judge refused to make any of these rulings and submitted the case to the jury, who returned a verdict for the defendants. The plaintiff alleged exceptions.

*W. Hartstone,* for the plaintiff.

*G. L. Mayberry,* for the defendants.

BRALEY, J. The plaintiff is the payee and the holder, while the defendants are the joint and several makers of the promissory notes in suit. It is not contended that the notes were not given for a valuable consideration, and, none of the defenses raised by the original answer having been relied on at the trial, the production of the notes, and proof of the defendants' signatures, would have entitled the plaintiff to a verdict. *Burnham* v. *Allen,* 1 Gray, 496. *Ballou* v. *Wells,* 12 Allen, 485. *Perley* v. *Perley,* 144 Mass. 104. R. L. c. 73, §§ 41, 77. But by the amended answer the defendants averred, that they were induced by the false and fraudulent representations and fraudulent concealments of the plaintiff upon which they relied, to execute the notes.

It appears, that the plaintiff as manager had been in the employ of a corporation, of which the defendant Fred F. Squire was treasurer and the defendant Ida I. Squire, his wife, owned nearly all the capital stock, and the deceit and fraud is stated to have been, that in violation of his contract, and without the knowledge of the officers of the corporation, the plaintiff entered into business relations with a rival company, to which from time to time he diverted a large part of the corporation's trade, causing serious financial loss to his employer, and that there was not justly due to him from the corporation, because of services on his part, a sum equal to the amount of the notes, or any sum whatever. The burden of proving these averments rested on the defendants. *Sayles* v. *Quinn*, 196 Mass. 492, 495.

It is conceded, that Ida I. Squire signed the notes on presentation by her husband, to whom reference hereafter will be made as the defendant, and she was not present at the interview between him and the plaintiff when the settlement of the indebtedness was made; neither is she shown to have known of what then took place, nor did she attend the trial. The relation of husband and wife is relied upon as sufficient to establish agency. It is urged that any misrepresentations made to the defendant were made to his principal, and *Arnold* v. *Spurr*, 130 Mass. 347, and *Reid* v. *Miller*, 205 Mass. 80, are cited. In the first case the husband had been entrusted with the management of his wife's farm, and in the second case the wife with knowledge that her husband was erecting a house on her land made no objection. The defendant in the present case, although a witness and exhaustively examined, gave no evidence that with his wife's knowledge and assent he acted generally in the management of her business affairs, from which the jury might have inferred that he represented her in the settlement, or that he had been instructed to act in her behalf. *Kelley* v. *Lindsey*, 7 Gray, 287. *Gould* v. *Norfolk Lead Co.* 9 Cush. 338. By the provisions of the statute she could contract as if sole, and by her signature she is presumed to have become a party to the notes, for value. R. L. c. 153, § 2; c. 73, § 41. The bare marital relation and nothing more was insufficient to warrant the inference of agency, and the plaintiff's first three requests should have been given. *Barker* v. *Mackay*, 175 Mass. 485, 488.

But, if it were assumed, that with the knowledge of the plaintiff the defendant represented his wife as well as acted for himself, yet there was a mistrial. The substantial facts are undisputed. The defendant had given to the plaintiff from time to time in payment of arrears of salary due from the corporation his promissory notes. Partial payments were made and then a new note, including the balance remaining due on the previous note and salary subsequently accruing, would be given, and on March 1, 1911, the defendant, after an accounting, gave his note for $2,000. The plaintiff at this time had not been unfaithful to his employer's interests. The following November another accounting was had, when the defendant himself computed and itemized the amount due, which included $1,800 with interest remaining unpaid on the note of March 1 and $51 for seventeen weeks, at $3 a week, covering current expenses treated as salary, and four notes were then given for the aggregate sum of $1,922.96, of which the first two have been paid, leaving the notes in question amounting to $1,500 outstanding.

No want of consideration appears, nor has partial failure of consideration been pleaded. See *Robinson* v. *Green,* 3 Met. 159, 161; *Rand* v. *Mather,* 11 Cush. 1, 7. The defendant, even if the note given in March is not shown to have become due, instead of making payment took up that note, which he has since retained without any tender back, and gave the notes of himself and wife in renewal.

The false representation of the plaintiff made to the defendant some time in June, 1911, and before signing the notes, that he was not interested in the competing company, was considered by the presiding judge as sufficient to support the defendant's averments of fraud and of the right of rescission. But to enable a party to rescind the fraud or misrepresentation relied on must have in fact induced him to make the contract and must be a part of the same transaction. *Hedden* v. *Griffin,* 136 Mass. 229, 231. *Dawe* v. *Morris,* 149 Mass. 188. See *Reeve* v. *Dennett,* 145 Mass. 23, 29; *Nash* v. *Minnesota Title Ins. & Trust Co.* 163 Mass. 574. The plaintiff's contract with the corporation as described in the amended answer is distinct and separate from the contract of the defendants. To them individually he owed no duty of service, nor did he solicit either defendant to become his debtor, or make

any statement as to the sum due. The violation of his contract of employment was a wrong against the corporation, and except through the corporation it had no relation to the defendants. *Converse* v. *United Shoe Machinery Co.* 185 Mass. 422; *S. C.* 209 Mass. 539. It is plain the jury would not have been warranted in finding that the plaintiff's misrepresentation of fact, when made, was made to induce the defendant to sign the notes in suit, and his mere silence at the date of renewal under these circumstances, where no preconceived intent to mislead the defendants individually for the purpose of obtaining the notes appears, is not the equivalent of actionable deceit. *Berkshire Mutual Fire Ins. Co.* v. *Sturgis,* 13 Gray, 177. *Bradley* v. *Fuller,* 118 Mass. 239. *Hedden* v. *Griffin,* 136 Mass. 229, 231. *Dawe* v. *Morris,* 149 Mass. 188, 192. *Batty* v. *Greene,* 206 Mass. 561, 564. *Stewart* v. *Wyoming Cattle Ranche Co.* 128 U. S. 383. The defendant testified that he would not have signed if he had known of the plaintiff's misconduct, but this evidence would not have warranted the jury in finding that he acted in reliance upon the misrepresentation. *Stewart* v. *Joyce,* 201 Mass. 301, 309, 310.

It is further contended that from the general course of dealing, shown by the giving of the treasurer's notes in payment of salary, the jury could find that the defendants had succeeded to the rights of the company, and the judge so charged. The corporation, however, on the record has not assigned its claim to the defendants, nor is there evidence from which an original employment of the plaintiff by the defendant or novation could be found. R. L. c. 173, § 4. *Kurinsky* v. *Lynch,* 201 Mass. 28, 32. *Griffin* v. *Cunningham,* 183 Mass. 505. The acceptance of the personal notes of the defendants and nothing more did not release the corporation or transfer its right to damages for breach of the plaintiff's contract. *Griffin* v. *Cunningham,* 183 Mass. 505.

We are therefore of opinion that no defense had been made out, and the plaintiff's fourth request should have been given.

The remaining exceptions to the admission of evidence and to the instructions need not be discussed, as they have been substantially disposed of or rendered immaterial by what has been said.

*Exceptions sustained.*