FRANK ZINTZ & another *vs.* LOUIS GOLUB & others.

Suffolk.   January 17, 1927.— May 27, 1927.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & WAIT, JJ.

*Equity Jurisdiction,* Rescission.   *Contract,* Rescission.

The owner of certain real estate made an agreement in writing to sell it, which contained a provision that he as "party of the first part represents that the present rental received including heat is $405. a month." The sale was carried out. In a suit to have it rescinded by reason of a false representation as to the amount of rent, a judge found that the representation as described in the contract was the only representation made, and that in fact the annual rental received was at the rate of $405 a month for the months during which heat was furnished and in the other months was at a lower rate, of which fact the defendant did not inform the plaintiff; that the plaintiff relied upon his own interpretation of the contract, and that the defendant did not fraudulently conceal from the plaintiff the actual rental value. The bill was dismissed. The plaintiff appealed. *Held,* that

(1) The question of fraud was one of fact which must be positively proved;

(2) The finding by the judge was not clearly wrong.

(3) The facts required the dismissal of the bill.

In the suit above described, it further appeared that as part of the purchase price the plaintiff gave a third mortgage which the defendant had assigned to one who had foreclosed it more than seven months before the suit was begun. There was uncontradicted evidence that the transfer of the mortgage was made in good faith and for value. *Held,* that a further sufficient reason for dismissing the suit was that the plaintiff was unable to restore the property to the defendant.

BILL IN EQUITY, filed in the Superior Court on April 29, 1926, and afterwards amended, to have a sale of land by the

defendants to the plaintiffs declared void, the purchase price repaid, and a certain mortgage note turned over to the plaintiffs.

The suit was heard by *Morton*, J., a stenographer having been appointed under G. L. c. 214, § 24, Equity Rule 29 (1926), to take the evidence. Material facts found by the judge are stated in the opinion. By his order a final decree was entered dismissing the bill. The plaintiffs appealed.

The case was submitted on briefs.

*E. R. Greenhood*, for the plaintiffs.

*G. S. Ryan & R. P. Boruchoff*, for the defendants.

BRALEY, J. The plaintiff Frank Zintz and the defendant Golub on February 21, 1925, executed an agreement for the purchase by Zintz of certain real property described in the bill. The conditions of purchase and of sale were fully performed and on March 2, 1925, a deed of the premises was given to the plaintiff Rebecca Zintz, wife of Frank, by the defendant Miller. The agreement contained a clause that Golub, "The party of the first part represents that the present rental received, including heat, is $405. a month." It is further alleged, that all the defendants personally and through an agent represented that the monthly rental of the premises was $405, and that the yearly rental was $4,860, and relying thereon the plaintiff entered into the agreement. The presiding judge, however, found on the evidence, which is reported, that the representation as described in the contract was the only representation made, and that in fact the rental received was at the rate of $405 a month for the months during which heat was furnished and in the other months rent was at a lower rate, of which fact the defendant did not inform the plaintiffs, who relied upon their own interpretation of the contract. It is also found, that the defendant did not fraudulently conceal from the plaintiffs the actual rental value.

The question of fraud was one of fact which must be positively proved. *Phinney* v. *Friedman*, 224 Mass. 531, 533. We do not find these conclusions to be plainly wrong, and accordingly they are conclusive. *Manheim* v. *Woods*, 213 Mass. 537, 544. The judge correctly ruled on these

findings that the bill could not be maintained. *Brown* v. *Leach,* 107 Mass. 364. *Walsh* v. *Schmidt,* 206 Mass. 405. *Windram Manuf. Co.* v. *Boston Blacking Co.* 239 Mass. 123, 126.

The plaintiff in accordance with the terms of sale described in the bill gave a third mortgage on the property to Miller, who assigned it to the defendant York, and, the plaintiffs being unable to make the stipulated payments, the mortgage was foreclosed on September 10, 1925. The bill to rescind the sale, and to recover back the consideration in so far as it consisted of cash, and to order the defendants "either to turn over to the plaintiff the third mortgage note . . . or to pay to the plaintiff the amount thereof together with the stipulated interest," was filed April 29, 1926.

It is well settled that to warrant rescission the plaintiff ordinarily must be able to restore the property which he has received. *Snow* v. *Alley,* 144 Mass. 546, 551. *Colil* v. *Massachusetts Security Corp.* 247 Mass. 30. While it is alleged that York held the assignment for the benefit of Miller and of Golub, there are no allegations that the transfer was for the purpose of defrauding the plaintiff, and there was uncontradicted evidence on which it could be found that the transfer was made in good faith and for value. If for no other reason, the plaintiff having parted with the title, rescission should not be decreed. *Snow* v. *Alley, supra.*

*Decree affirmed with costs.*