LANGROCK CLOTHING COMPANY, INC., *vs.* EDWARD I. COHEN & others.

Suffolk.   March 11, 1927.— May 27, 1927.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Guaranty.   Fraud.*

It is not a defence to a suit in equity by a corporation to enforce payment of notes given by the defendant for merchandise furnished by the plaintiff to a second corporation, organized by the defendant and associates, that the president and treasurer of the plaintiff, who also was secretary and a director of a third corporation which, although closely affiliated with the plaintiff, was separate and distinct from it, had acted for the third corporation in negotiations with the defendant relating to a sale of other goods consigned by the third corporation to the proprietor of a store afterwards operated by the second corporation, and in those negotiations had told the defendant that the proprietor of such store was a good man to run the business provided he had nothing to do with the finances and had not told him that such proprietor was dishonest, although he knew that to be the fact; such representations having nothing to do with the transactions between the plaintiff and the defendant.

BILL IN EQUITY, filed in the Superior Court on May 20, 1925, to establish a debt alleged to be owed by the defendant Cohen to the plaintiff on certain notes and a guaranty described in the opinion, and to reach and apply in payment thereof stock owned by the principal defendant in other corporations.

The suit was referred to a master.   Besides the facts stated in the opinion, the master in effect found that the defendant Cohen owed the amount of the notes, $3,500, and interest, and also under the guaranty owed $343.14.   The

suit was heard by *Lourie*, J., by whose order there was entered a final decree adjudging that the defendant owed the plaintiff the amount of the notes with interest (but making no finding as to the merchandise account), directing payment of the debt, and providing for resort to the principal defendant's interest in the defendant corporation M. Cohen & Sons Company if such payments were not made. The defendants appealed.

*J. J. Kaplan*, for the defendants.

*F. M. Carroll*, for the plaintiff.

CARROLL, J.   This suit is to reach and apply property of the defendant Edward I. Cohen, and to recover on three notes and upon a guaranty given by Cohen to the plaintiff, guaranteeing purchases by The London Clothes Shop, Inc. Cohen defended on the ground of fraud committed by David T. Langrock and by the plaintiff corporation in misrepresenting the character of one Julius S. Wolfe as to honesty, or by intentionally concealing the plaintiff's knowledge that Wolfe was dishonest.

In March, 1924, Wolfe conducted a retail clothing store on Boylston Street, Boston. He knew Langrock, who was interested in two Connecticut corporations that manufactured clothing. One of these was the plaintiff, and Langrock was its president and treasurer; the other was the D. T. Langrock, Inc. of which he was the secretary and a director. The two corporations were closely affiliated, but were separate and distinct.

According to the master's findings, early in 1924, D. T. Langrock, Inc., had consigned and sold clothing to Wolfe who owed that corporation between $1,500 and $1,800. At this time Wolfe had in a store clothing of the value of $3,000 which was held on consignment from D. T. Langrock, Inc. Langrock and this corporation, knowing that Wolfe had disposed of merchandise without remitting the proceeds, decided to have no further business with him. The defendant Cohen and one London, who was a relative of Cohen and in whom Cohen had great confidence, became aware that the D. T. Langrock, Inc. intended to close its business in the Boylston Street store. Wolfe was active in interesting

Cohen to secure control of the store and "the connection with D. T. Langrock, Inc."

In July, 1924, M. Cohen & Sons Company, by the defendant Cohen, purchased the clothing in the Boylston Street store for $3,128 from the D. T. Langrock, Inc. on inventory with price list attached. This clothing was paid for. It was found that Langrock and D. T. Langrock, Inc. assured Cohen that credit would be furnished. In August, 1924, The London Clothes Shop, Inc. was organized. It had practically no cash capital. Its assets consisted of the clothing sold to Cohen and a few fixtures. The stock of clothing purchased from the D. T. Langrock, Inc. was transferred to London upon an understanding with London "that M. Cohen & Sons Company should have" a beneficiary interest in the stock of The London Clothes Shop, Inc. to equal the value of "$3,128 worth of merchandise." The certificates of stock were issued to London, who spent a part of each day at the store and controlled its finances and the buying and sale of merchandise. Wolfe was relied on as the salesman in the store. The London Clothes Shop, Inc. was not a success and the stock in trade was attached and sold on execution. The master was unable to find the cause of its failure. The false representations relied on were made when Cohen was negotiating with Langrock for the purchase of the merchandise in the Boylston Street store. Langrock then said to Cohen that Wolfe was a good man to run the business, provided he had nothing to do with the finances. Cohen was not told by Langrock that Wolfe then owed D. T. Langrock, Inc. between $1,500 and $1,800 for goods consigned to him; nor was Cohen informed by Langrock that Wolfe was dishonest, although he knew that Wolfe was dishonest and not be to trusted in financial transactions. The master found that Cohen was ignorant of Wolfe's dishonesty; that he did not know when the guaranty was executed that Wolfe had failed to account to D. T. Langrock, Inc. for the merchandise consigned to him, nor that Wolfe had assigned his stock in The London Clothes Shop, Inc. as collateral for his note to pay such indebtedness.

When the representations relied on by the defendant were

made, Langrock was not acting for the plaintiff. He was acting for D. T. Langrock, Inc. which owned the merchandise. The plaintiff corporation, the Langrock Clothing Company, Inc. was in no way interested in that transaction. The two corporations were entirely separate and distinct. We do not understand that it is contended that the misrepresentations effected this sale. The merchandise, apparently, was bought at a fair price. It was not until after The London Clothes Shop, Inc. had been organized in August, 1924, and began business, that the question of Cohen's guaranty arose. The London Clothes Shop, Inc. desired to purchase merchandise, not from the D. T. Langrock, Inc., but from the plaintiff. The plaintiff refused to sell unless purchases were guaranteed by Cohen. Nothing at this time was said by Langrock concerning Wolfe. It was discovered in the fall of 1924 that Wolfe had not paid The London Clothes Shop, Inc. all the money collected by him from customers. There was no evidence how much this amounted to, or that it contributed to the failure of The London Clothes Shop, Inc.

In these circumstances it could not be ruled that the guaranty to the plaintiff was obtained by its misrepresentations or the fraud of its agent. Langrock was acting for another concern in a different transaction when the representations were made. Assuming the representations were false, a matter which we do not think it necessary to decide, and the concealment fraudulent, they are not to be imputed to the plaintiff. They were not made on behalf of the plaintiff. They were not connected with the contract of guaranty. See *Harvey* v. *Squire*, 217 Mass. 411; *Willett* v. *Herrick*, 258 Mass. 585, 596, 597, 607, 608. Wolfe was not the debtor. It was the debt of The London Clothes Shop, Inc. which was guaranteed by Cohen. It was not shown that the failure of The London Clothes Shop, Inc. resulted from the dishonesty of Wolfe. When the sale of the clothing by the D. T. Langrock, Inc. to The London Clothes Shop, Inc. was made, Cohen was told by Langrock that the D. T. Langrock, Inc. was "not satisfied to have Wolfe continue." "Cohen then believed that Wolfe had not made a success";

Cohen "relied upon London's judgment and supervision to control the new business." When the guaranty was executed, nothing was said about Wolfe, no reference was made to him and it does not appear that the plaintiff or Langrock had any knowledge that Wolfe was connected with The London Clothes Shop, Inc. or employed by it. The statement of an agent, under the facts in this case, while acting for his principal in the course of a business transaction, is not binding on another principal for whom he acts in a subsequent and different transaction. On the facts found by the master, the cases relied on by the defendant are inapplicable.

The plaintiff did not appeal from the decree and the question of the defendant's liability for the merchandise sold to The London Clothes Shop, Inc. subsequent to the delivery of the notes sued on, is not before us.

*Decree affirmed.*