JOSEPH M. GREENBERG *vs.* JOHN T. LANNIGAN, JR., & another.

Suffolk. November 9, 1927, February 27, 1928. — May 28, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Contract*, Construction, Performance and breach, To convey real estate.

.The owner of certain land agreed in writing with a prospective purchaser to convey it for a certain price on a certain date by a good and sufficient deed free from all incumbrances, and the purchaser made a payment on account of the purchase price. The property was subject to mortgages. At the date set for the conveyance, the parties met. The purchaser was neither ready nor able at that time "to pay the purchase price for the property as fixed in the agreement if a proper deed had been tendered." The owner "did everything" he was "required to do under the agreement to sell, except that, if so required by said agreement, the mortgages on the property had not been paid or been discharged of record" before he tendered the deed to the purchaser, and he was not prepared to discharge the mortgages with his own money but did have in his possession discharges of the mortgages which he was authorized to record as soon as he received the purchase price. The sale was not consummated, and the purchaser brought an action of contract to recover the deposit. *Held*, that

(1) The deed tendered would leave the property encumbered by the mortgages, and the defendant therefore had failed to comply with the agreement;

(2) There was a breach of the agreement, and the plaintiff was entitled to a return of the deposit.

CONTRACT to recover a deposit of $500 made by the plaintiff with the defendants under the provisions of a contract in writing for the purchase by the plaintiff of real estate of the defendants. Writ dated February 24, 1926.

In the Superior Court, the action was tried before *Flynn*, J. Material evidence is stated in the opinion. The judge ordered a verdict for the defendants and reported the action to this court for determination, the parties agreeing that if upon the competent evidence, admissions and agreements there was a question for the consideration of the jury, then judgment was to be entered for the plaintiff for $500 and

interest; otherwise, judgment was to be entered on the verdict.

The case was argued at the bar in November, 1927, before *Braley, Crosby, Carroll, Wait,* & *Sanderson,* JJ., and afterwards was submitted on briefs to all the Justices.

*H. Bergson,* for the plaintiff.

*T. F. Daly* & *E. F. Leonard,* for the defendants, submitted a brief.

BRALEY, J.   The terms of the contract required the defendants to convey the premises on or before February 1, 1926, by a good and sufficient deed free from all encumbrances.   The plaintiff paid $500 of the purchase price when the agreement was made, and the balance remaining was to be paid at the registry of deeds at twelve o'clock noon on the first day of February, 1926, where the necessary papers were to be passed, unless the parties agreed in writing to some other time or place.   But, no change having been made, they met at the time and place appointed.   It was stipulated at the trial that "the defendants did everything they were required to do under the agreement to sell, except that, if so required by said agreement, the mortgages on the property had not been paid or been discharged of record, before the defendants tendered their deed to the plaintiff, and that the defendants were not prepared to discharge the mortgages with their own money, but that they did have in their possession discharges of the mortgages which they were authorized to record as soon as they had received the purchase price."   It was also agreed, "if competent, that the plaintiff was not ready or able at the time . . . for performance to pay the purchase price for the property as fixed in the agreement if a proper deed had been tendered."   The property was subject to three valid mortgages, and the defendants could not give a good and clear title free from all encumbrances unless these mortgages were discharged.   It is contended by the defendants that, the promises of the parties being dependent, and to be concurrently performed, they were not required to give a deed of the premises until the plaintiff paid the remainder of the purchase price.   But, even if the defendants had the discharges, which were duly

executed and ready for delivery if the purchase price was paid, the deed as tendered left the property subject to the mortgages, and, in the opinion of a majority of the court, having failed to comply with the terms of the agreement, the defendants held the money of the plaintiffs without consideration. *Burk* v. *Schreiber*, 183 Mass. 35. *Wenz* v. *Pastene*, 209 Mass. 359, 364.

By the terms of the report judgment is to be entered for the plaintiff in the sum of $500 with interest from the date of the writ.

*So ordered.*