BENNY WEINER *vs.* ROSE SIMONS & others.

Suffolk.    May 17, 1929. — May 29, 1929.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Equity Jurisdiction*, Specific performance. *Contract*, Performance and breach, Rescission, For sale of real estate. *Waiver*.

One, who agrees to sell a certain parcel of real estate by a contract in writing in which it is asserted that the property is subject to three mortgages, the second of which "becomes due September," and the purchase price is a certain amount "less the amount of the mortgages outstanding," cannot maintain a suit in equity for specific performance of the contract if it appears that the second mortgage becomes due in August instead of September.

At the hearing, upon oral evidence, of a suit of the character above described, the plaintiff contended that the defendant had waived his right to rely on the provision that the second mortgage was to become due in September instead of August. The judge refused so to find and the bill was dismissed. *Held*, that such refusal to find was not to be set aside.

Since the plaintiff could not carry out his contract in the particular above described, the defendant was entitled to rescind it and to a return of a deposit made by him under the contract; and the mere facts, that the defendant did not appear at the appointed place where the deeds were to be passed and that he conveyed his property to his daughter without consideration, did not deprive him of the right to the return of his money.

BILL IN EQUITY, filed in the Superior Court on June 20, 1928, for specific performance of the contract described in the opinion.

The answer of the defendants asked for affirmative relief by a decree directing repayment to them of $1,000.

In the Superior Court, the suit was heard by *Greenhalge*, J., a stenographer having been appointed under the provisions of G. L. c. 214, § 24, Equity Rule 29 (1926). The judge's finding on the question of waiver was as follows:

"Upon the question of waiver, I find as follows:

"Prior to the execution of the agreement between the plaintiff and the defendants, one Krinsky had become interested in the property and upon its execution, the defendants entered into a similar agreement to convey it to him. The existence of this latter agreement became known to counsel for the plaintiff about the last of April when adjustments were figured as of the first of May, and both parties then understood that the defendants desired a sufficient title to make a good conveyance to Krinsky but would accept any title which would be acceptable to him. The evidence is meagre and I am unable to find when, if at all, the defendants made known to the plaintiff the specific objections herein insisted upon or first discovered them, or when or for what reason Krinsky finally declined, as he did, to carry out his agreement with the defendants.

"In view of the fact that the defendant [plaintiff?], through his attorney, knew before May 1, 1928, that the defendants would accept any title which would be satisfactory to Krinsky, I do not find that the defendants, by conduct of themselves or their attorney, have waived or are estopped to assert the objections upon which they now rely, and I rule that the plaintiff cannot maintain his bill."

Other facts are stated in the opinion.

*J. M. Maloney,* (*S. Rosenberg* with him,) for the plaintiff.

*W. P. Murray,* for the defendants.

CARROLL, J.   The plaintiff appealed from a final decree dismissing a bill in equity for the specific performance of a contract for the exchange of real estate, and directing the return to the defendants of the money deposited by them under the contract.

The defendants agreed to pay, for the property the plaintiff was to convey, $47,000 "less the amount of the mortgages outstanding, of which five hundred dollars ($500) have been received as a deposit by the party of the first part, and eighteen thousand dollars ($18,000) or the sum which is due to the party of the first part after deducting the mortgages and other encumbrances from the purchase price, are to be paid in cash at the time of delivery of the deed."   The written

agreement sets out that the property was subject to a mortgage of $17,500, subject to a second mortgage of $8,000 held by Segal Brothers, "which becomes due September, 1928, bearing interest at the rate of eight per cent per annum, and subject to a third mortgage of thirty-five hundred dollars ($3500) held by Abraham Berman which mortgage is due in September, 1928, bearing interest at the rate of seven per cent per annum. Interest above 6% on the second and third mortgages are to be paid by the party of the first part."

On June 15, 1928, when the papers were to be passed, there was due on the principal of the second mortgage the sum of $7,300, and not $8,000 as stated in the agreement; the rate of interest was ten per cent and not eight per cent, and the second mortgage was in fact due August 1, 1928, and not September, 1928, as stated in the agreement. The principal due on the third mortgage was $3,450 and not $3,500. The judge found that the differences in the principal amounts were in part due to payments upon the principal required by the terms of the mortgages subsequent to the execution of the agreement and before June 15, 1928.

The defendants were entitled to have what they contracted for. They cannot be required to accept something different. They could stand on the contract as made. The second mortgage was due on August 1, 1928. The defendants would be obliged to pay the entire principal and interest of this mortgage at least one month earlier than the contract called for. In a transaction of this kind the difference in the date when this mortgage was due and the date stated in the agreement may have been a matter of importance, and as the defendants could rely on the recitals in the contract they were not obliged to carry out a transaction differing from the one agreed to. The plaintiff could not fulfil the contract he made. *Park* v. *Johnson,* 7 Allen, 378, 383. *Dresel* v. *Jordan,* 104 Mass. 407, 417. *Brigham* v. *Townsend,* 119 Mass. 287, 289. *Downey* v. *Levenson,* 247 Mass. 358. Without considering the reductions made in the amount due on the mortgages by reason of the payments made by the plaintiff, or the difference in the rate of interest, in view of the provision in the contract that all interest above six per cent was

to be paid by the plaintiff, in our opinion the statement in the contract that the second mortgage was due in September, 1928, when in fact it was due August 1, of that year, prevented the plaintiff from obtaining specific performance of the contract.

The plaintiff contends there was a waiver by the defendants. We cannot agree with this contention. It was a question of fact whether the defendants waived the difference between the terms of the mortgage as described in the contract and as they existed. There was some evidence to support this contention; but the question of waiver was one of fact, and the finding of the judge on oral evidence, that the defendants, by conduct of themselves or of their attorney, have not waived nor are they estopped "to assert the objections upon which they now rely," is not to be set aside.

In the decree the plaintiff was ordered to pay the defendants $1,000, the amount paid by them under the contract. The plaintiff was unable to perform. He held the defendants' money without consideration. *Burk* v. *Schreiber*, 183 Mass. 35. *Leonard* v. *Wheeler*, 261 Mass. 130. *Greenberg* v. *Lannigan*, 263 Mass. 594. If we assume that the defendants did not appear at the appointed place where the deeds were to be passed and that they conveyed their property to their daughter without consideration, these facts did not, in our opinion, deprive them of the right to the return of their money. The plaintiff could not carry out the contract and the defendants could rescind the contract.

*Decree affirmed with costs.*