HARRY ROSENBERG *vs.* NATHAN ROME & others.

Worcester.   January 16, 1931. — March 3, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ..

*Bills and Notes*, Validity, Holder in due course.   *Fraud.*

Where, at the trial of an issue framed in a suit in equity and involving the question, whether the signature of the defendant on a certain promissory note was procured by fraud of the plaintiff, the evidence was conflicting, it was proper to deny a motion that the issue be answered favorably to the defendant.

A note payable to the order of a certain person is not made nonnegotiable so that an indorsee is not a holder in due course by the mere fact that the payee's indorsement was, "Waiving notice demand and protest and no foreclosure to take place unless thirty days written notice shall have been given to me."

BILL IN EQUITY, filed in the Superior Court on June 21, 1929, and described in the opinion.

Issues, described in the opinion, were tried before *Lummus*, J. Material evidence and answers to the issues are stated in the opinion. A final decree was entered by order of *Whiting*, J.

The defendant alleged exceptions, saved at the trial of the issues, and appealed from the final decree.

*S. Lurier*, for the defendants.

*L. E. Stockwell*, for the plaintiff.

CARROLL, J. This is a suit in equity to recover on two promissory notes, on one of which the defendant Nathan Rome was the maker and on the other the indorser. The plaintiff is the holder of both notes. The suit is a credi-

tor's bill to reach and apply. Rome and the Balter Realty Company made a contract through the plaintiff for an exchange of real estate in Worcester. The defence to the notes is the fraudulent representations of the plaintiff or fraud for which he was responsible.

Issues were framed. The first issue was in these words: "Except for any total or partial defence arising from fraud, is the defendant, Nathan Rome, indebted to the plaintiff in the amount of $300 principal and $252.66 interest, up to October 15, 1929, and including the instalment of principal due on that date, on the promissory note attached to the plaintiff's bill of complaint and marked 'exhibit 1'"? To this question the jury answered "Yes" by order of the court. To the second issue: "Except for any total or partial defence arising from fraud, is the defendant, Nathan Rome, indebted to the plaintiff in the amount of $5,885.32 principal and $825.24 interest up to April 2, 1930, on the promissory note attached to the plaintiff's bill of complaint and marked 'exhibit 2'"? The jury answered "Yes." This answer was directed by the court. The third issue was this: "Was the defendant Nathan Rome induced to become a party to the notes mentioned in issues 1 and 2 by false and fraudulent representations for which the plaintiff, Harry Rosenberg is legally responsible"? To this question the answer of the jury was "No." The fourth issue, based on an affirmative answer to the third issue, was not answered. The fifth issue was as follows: "Was the defendant, Nathan Rome, induced to become a party to the notes mentioned in issues 1 and 2 by false and fraudulent representations for which the Balter Realty Company was legally responsible"? The jury answered "No." The sixth issue was not answered. It required an answer only if the answer to the fifth issue was in the affirmative. The seventh issue was this: "Is the plaintiff Rosenberg the holder in due course of the note mentioned in issue 1"? The jury answered "Yes."

The defendant Rome at the close of the evidence moved that the jury be directed to answer issues 3 and

5 in the affirmative and issue 7 in the negative. He specified as the grounds for the motion that the representations of Rosenberg contained in the written agreement were material in inducing Rome to enter into the contract, that the representations were fraudulent as matter of law, that Rosenberg was the agent of the Balter Realty Company and responsible for the statements, having read and assented to the agreement. The grounds relied on for the motion on issue 5 were that fraudulent representations were made by the Balter Realty Company. These motions were denied. The record shows that the sole defence is fraud. A decree was entered for the plaintiff. The defendants appealed. The defendant Rome also moved for a new trial, which motion was denied.

The agreement stated that one Shack, who occupied a store in the premises conveyed to Rome, paid a rental of $250 a month. The evidence on this question was conflicting. The plaintiff maintained that after Shack entered under his lease a portion of the store was used by the landlord and an allowance made to Shack, that this fact was fully explained to Rome, that these matters were explained to Rome and taken into account between him and the realty company. There was also evidence that when Rome was told about the deductions in the Shack rental Rome said " he did not care nothing about rebate on Shack lease because he was going to build when the leases ran out."

The defendants also contend that fraudulent statements were made in reference to the Glazer lease. They rely on the evidence tending to show that the rental was not as stated in the written contract, because Glazer, under the terms of his lease, during the first three months occupied the premises without charge. The plaintiff's evidence tended to show that Glazer, in return for repairs made by him on the leasehold, was credited with the amount of rental for the first three months of the term.

The written contract of the parties recited that the

premises were subject to a second mortgage of $38,500, held by Harris Glick, payable $500 each six months for a period of five years from April 1, 1926, and thereafter $1,000 each six months. The Glick mortgage provided that the payments of $500 every six months were to be made from April 1, 1925. The plaintiff offered evidence tending to show that this statement in the contract was a clerical error, and the jury could find from the testimony of Rome that the reference to the Glick mortgage was not relied on by him. There was further evidence which, if believed, tended to show that further misrepresentations were made of other rentals, but these misrepresentations are not relied on by Rome and no argument is made with reference to them.

The burden was on the defendants to prove that the statements were false and fraudulent, that they influenced Rome to make the contract and that he relied upon them. *Zintz* v. *Golub,* 260 Mass. 178. The questions submitted to the jury called for a determination of fact and the judge could not rule as matter of law that the burden resting on the defendants had been sustained. *Thomes* v. *Meyer Store Inc.* 268 Mass. 587, 590. " . . . commonly it cannot be ruled as matter of law that the one upon whom rests the burden of proof as to facts has sustained that burden." *Lennon* v. *Cohen,* 264 Mass. 414, 426. The jury were not bound to believe the defendants and their witnesses. They could have believed the plaintiff's testimony that no misrepresentations were made regarding the lease to Shack and Glazer, that Rome knew what the real facts were and was not deceived and placed no reliance on the statements, even if they were found to be false. *Harvey* v. *Squire,* 217 Mass. 411, 416. *Willett* v. *Herrick,* 258 Mass. 585, 596. *Heftye* v. *Kelley,* 262 Mass. 573. The assertion concerning the Glick mortgage may have been found to be free from fraud and not intended to influence the action of Rome, and if found to be fraudulently made, the jury could say that Rome did not rely upon it and it did not operate to cause him to

make the contract. *Hedden* v. *Griffin,* 136 Mass. 229, 231. *Harvey* v. *Squire, supra. Heftye* v. *Kelley, supra.*

There is nothing in *Weiner* v. *Simons,* 267 Mass. 327, in conflict. A difference in the date when the mortgage is due and the date stated in the agreement may be a matter of importance, but in the case at bar it could have been found that the statement was immaterial and innocently made, and that the plaintiff placed no reliance on it. The denial of the motion for a new trial was a matter of discretion. There was no abuse of this discretion. *Dixon* v. *A. J. Cunningham Co.* 257 Mass. 63.

The seventh issue, to which the jury answered " Yes," was in these words: " Is the plaintiff Rosenberg the holder in due course of the note mentioned in issue 1 "? The defendants asked the judge to instruct the jury to answer this issue in the negative. There was no error in the refusal to rule as requested by the defendants. The note referred to in issue 1 was the " exhibit 1." This note was an unconditional promise in writing made by one person to another, signed by the maker, to pay a sum certain in money at a fixed time. G. L. c. 107, § 25. The note was indorsed by Rome. The indorsement reads: " Waiving notice demand and protest and no foreclosure to take place unless thirty days written notice shall have been given to me." G. L. c. 107, § 62, does not apply to an indorsement of this kind. The indorsement is a qualified indorsement under G. L. c. 107, § 61, and does not impair the negotiability of the note; it merely requires postponement of the foreclosure. See G. L. c. 107, §§ 105, 132, 134.

It is not necessary to consider the question of the negotiability of the note set out in issue 2, as this question is not raised and is not material because of the findings on the question of fraud. Even if this note were not negotiable, see *Pierce* v. *Talbot,* 213 Mass. 330, Rosenberg could sue on it in his own name under G. L. c. 231, § 5.

The decree is to be modified according to the stipulation of the parties, by inserting the figures $7,371.08 in

place of $7,071.08 in clause "b" of the third paragraph of the final decree and in line 2 of the first paragraph of the decree, and so modified the decree is affirmed with costs to the plaintiff.

*Ordered accordingly.*