E. Max Gladstone *vs.* Saul Aronson & others.

Suffolk.　November 6, 1931. — November 10, 1931.

Present: Rugg, C.J., Pierce, Wait, Sanderson, & Field, JJ.

*Landlord and Tenant*, Surrender. *Equity Pleading and Practice*, Findings by judge.

On the record on an appeal from a final decree dismissing a bill in equity to establish a claim for rent for months of May, June, July and August, alleged to be due the plaintiff from the defendant as a tenant at will, and to reach and apply certain shares of corporate stock in payment thereof, it appeared that the evidence at the hearing was conflicting and was reported in full and that, at the conclusion of the evidence, the judge said: "I find the premises were vacated and the keys were surrendered on or before April 30. A decree may enter dismissing the bill with costs"; and the plaintiff asked that his exception be saved. No bill of exceptions was filed and no request was made under G. L. c. 214, § 23, for a report of the material facts found by the judge, and no such report was filed by him voluntarily. The decree was entered as ordered and the plaintiff appealed. *Held*, that

(1) The only questions presented by the record were whether there was error of law in the finding above stated, and whether the decree dismissing the bill could be justified on the entire record;

(2) The burden was on the plaintiff to establish the debt alleged to be due to him from the defendant by the greater weight of credible evidence; '

(3) There was no error of law in believing the defendant's evidence instead of the plaintiff's;

(4) In the circumstances, it was not essential to the entry of the final decree that a finding be made that a notice to quit given by the defendant to the plaintiff was sufficient.

BILL IN EQUITY, filed in the Superior Court on November 7, 1930, and described in the opinion.

In the Superior Court, the suit was heard by *Greenhalge*, J., a stenographer having been appointed under G. L. c. 214, § 24; Equity Rule 29 (1926). The plaintiff asked that his exception be saved to the finding and order by the trial judge quoted in the opinion. No bill of exceptions was filed. From a decree dismissing the bill, the plaintiff appealed. Facts shown by the record are stated in the opinion.

*I. Gordon*, for the plaintiff.

No argument nor brief for the defendants.

RUGG, C.J. The plaintiff by this suit in equity undertakes to establish the indebtedness of the two principal defendants (hereafter referred to as the defendants) to him for rent, and to reach and apply in payment of the debt so established certain capital stock standing in the name of the defendants. The allegations of the bill so far as concerned the indebtedness were that the defendants were tenants at will of the plaintiff occupying an apartment and paying as rent therefor a stipulated sum per month, payable on the first day of each month beginning September 1, 1929, and that they owed rent for the months of May, June, July and August, 1930. The case was heard upon oral evidence before a judge of the Superior Court. The evidence is reported in full. At the conclusion of the evidence the judge said, as reported by the official stenographer: "I find the premises were vacated and the keys were surrendered on or before April 30. A decree may enter dismissing the bill with costs." To this the plaintiff

excepted. A final decree was entered dismissing the bill. From that decree the plaintiff appealed.

There was no request made for a report of the material facts as found by the judge, G. L. c. 214, § 23, and no such report was filed voluntarily by him. The questions to be determined, therefore, simply are whether there was error of law in the finding to which exception was taken as above stated, and whether the decree dismissing the bill can be justified on the entire record.

The burden of proof was upon the plaintiff to establish the debt alleged to be due to him from the defendants by the greater weight of credible evidence. There was testimony tending to show that the premises were vacated and the keys surrendered according to the finding made by the judge. There is no reason apparent on the record why the trial judge might not have believed this evidence and discredited the contrary evidence introduced by the plaintiff, and found accordingly for the defendants. *Commonwealth* v. *Whitcomb, ante,* 27, and cases cited. To make such finding certainly was not plainly wrong. *Lindsey* v. *Bird,* 193 Mass. 200. One implication of this finding is that the plaintiff may have waived whatever notice he might have insisted upon. *Leavitt* v. *Maykel,* 210 Mass. 55. It is rarely that it can be said as matter of law that a plaintiff has sustained by oral testimony the burden of proof resting upon him. *Rosenberg* v. *Rome,* 275 Mass. 64, 68.

The plaintiff has argued that the notice given by the defendants to the plaintiff was not sufficient. No ruling of law was asked or made concerning the sufficiency of the notice. On this record it is not essential to the entry of the final decree that a finding be made that the notice was sufficient. See *Atkins* v. *Sleeper,* 7 Allen, 487; and see also for a collection of authorities 11 B. U. Law Rev. 236–239. It is not necessary to pass upon that question.

*Decree affirmed with costs.*