No. 2916 Northern Middlesex ,ss.
KRUSELL · (Bernard S. Resh)
v. WEST NEWTON MOTOR MART, INC.
 (S. Robert Ostrofsky, Harry M. Fine)
From the District Court of Newton—Weston, J.
Argued May 19, 1941—Opinion Filed August 8, 1941

HENCHEY, J. (Jones, P.J., & Wilson, J.)—This is an action of contract or tort, in which the plaintiff seeks to recover the purchase price of an automobile and punitive damages because of certain fraudulent representations alleged to have been

made at the time of the sale. The defendant's answer was a general denial. At the conclusion of the trial, the court found for the defendant. The case comes before us because the plaintiff claims he has been aggrieved by the trial judge's refusal to grant certain requests for rulings.

It developed at the trial that on or about February 10, 1940, the plaintiff called at the defendant's place of business, looked at several automobiles, and finally selected a 1939 Chevrolet which he purchased from the defendant for $625.00. The defendant allowed the plaintiff $175.00 for his old car in trade; the plaintiff made a down payment in cash amounting to $30.00, leaving a balance of $492.00.

The plaintiff testified that when he purchased the automobile he noticed that the speedometer read 12,000 miles. Sometime later the plaintiff noticed a tag underneath the hood which read: "This car was greased by the Medford Garage at 36,000 miles." Thereupon the plaintiff took the car back to the defendant and demanded his money back, saying that he bought a car as one which had gone 12,000 miles, not 36,000 miles.

The husband of the previous owner of the automobile in question testified, without contradiction, that when he traded in the automobile with the defendant he thought the car had gone about 30,000 miles, but he did not remember reading the speedometer; that he had the automobile about eight months and ran it about 4,000 miles a month.

The president of the defendant corporation testified in cross-examination that he did not know the mileage of the automobile when the plaintiff purchased it, but thought it was about 20,000 miles.

The report, as filed with the Appellate Division, contains this statement: "There was no evidence that anyone in the employ of the defendant set back the speedometer, nor was there any evidence as to what the speedometer read when the previous owner took it to the defendant's establishment."

The trial judge found for the defendant. In a memorandum of findings he stated, among other things, the substance of which is set out above, "I find as a fact that there was no fraud or misrepresentation by the defendant, its agents or employees which induced the plaintiff to buy the car."

The plaintiff now objects to the trial judge's refusal to grant certain requests for rulings.

Because we are of the opinion that there is no prejudicial error apparent on this record, we do not deem it necessary to discuss the request dealing with punitive damagese.

The remainder of the plaintiff's requests all deal with the turning back of the speedometer.

The substance of the plaintiff's claim is that he is entitled to recover because of the fraudulent misrepresentations made by the defendant's agents or servants as to the number of miles which the automobile in question had gone at the time of the sale.

It is well established in our law that fraud is never pre-sumed; it must be affirmatively proved by the party who relies on it. *Gormley* v. *Dangel*, 214 Mass. 5; *Kerrigan* v. *Fortunato et al.*, Mass. Adv. Sh. (1939) 2169 (24 BTL 116). Generally the question of fraud is one of fact. *Kerrigan* v. *Fortunato et al. supra*. There is nothing about the instant case which should take it out of the general rule. That the plaintiff was deceived is not enough; he says, in effect, that the defendant, by its agents or servants, deceived him as to the number of miles this automobile had traveled at the time of the sale and that this deception was accomplished by turning back the speedometer. The trial judge after reviewing the facts says the defendant was not guilty of fraudulent misrepresentation. Unless clearly wrong, this finding must stand. *Zintz et ux* v. *Golub et al.* 260 Mass. 178. The report itself states that there was no evi-dence that the defendant's agents or servants turned back the speedometer. At its best the evidence of fraud can be inferred only from the plaintiff's evidence of what he found under the hood. The trial judge is not compelled to believe this testi-mony. *De Francisco* v. *Heath*, Mass. Adv. Sh. (1940), 1283 (25 BTL 176).

In this case the plaintiff has failed to sustain the burden imposed upon him. Therefore there was no error in the trial judge's refusal to grant requests which were based on assumed facts which the trial judge was not obliged to find. *Stein* v. *Almeder*, 253 Mass. 200.

Report dismissed.