Rollins, J.
This is an action of contract in which the plaintiff seeks to recover five hundred dollars, a down payment made by her, towards the purchase of certain real estate under the terms of a written agreement.
The evidence tended to show the following facts:
On October 6, 1947 Tillie Barron, wife of the defendant Joseph Barron, a realtor, was the owner of two lots of land in New Bedford, numbered 16 and 20 on La France Court. *86 On that day the defendant agreed in writing to sell this property to the plaintiff. This agreement is as follows:
“To James McDonnell October 16, 1946
I, Joseph Baron agrees to sell to Violet McDonnell property at 16 and 20 LaFrance 'Court for the sum of $11250.00 down binder payment of the sum of $500.00 dollars. The balance to be paid within 30 days. Balance of $10,750.00.
Signed:
Witness to both signatures:
VIOLET MoDONNELL
Co Signer: JAMES MoDONNELL JOSEPH BARON”
An examination of the title to the property was made and it was found that No. 16 LaFrance Court was subject to a mortgage of record for $2700 to the Fairhaven Institution for Savings and the property at No. 20 to a mortgage for $3500 to the same bank. The property at No. 16 had also been taken for non-payment of 1945 taxes and stood in the name of the City of New Bedford.
The thirty days allowed by the agreement for the payment of the balance of the purchase price expired on November 15, 1946.
The parties, with their attorneys, met at the Registry of Deeds on November 13, 1946.
One of the attorneys for the plaintiff had with him the balance of the purchase price and tendered the same to the defendant and awaited the offer of the deed to the premises. A deed was offered but it was not signed. The defendant thereupon signed and acknowledged the deed and tendered it again. The deed as tendered contained a statement that the parcel No. 20 LaFrance Court was subject to a mortgage to the bank for $3150 and the parcel at No. 16 was subject to a mortgage to the same bank, *87 the balance due on which was $2525.00. No mention was made in the deed to the tax title and the unpaid taxes which on this day amounted, without costs or interest, to $237.30.
The defendant desired the plaintiff to take the deed, pay off the mortgages, the tax title and taxes and give him the balance of the selling price. The plaintiff would not use her money to pay off the encumbrances and insisted they must all be discharged before she would accept the deed.
When the defendant learned that the plaintiff was unwilling to accept the deed subject to the mortgages he called the mortgagee to the Registry to discharge the mortgages. He also offered to have deducted from the sale price the amount of unpaid taxes. The defendant demanded back her “binder”.
Nothing further was done until this action was brought.
During the trial two questions were put to the defendant in direct examination and excluded on objection of the plaintiff.
A report was duly requested on these rulings. The questions were:
“1. At some time after entering into your agreement to sell the property involved in this litigation did you have some discussion with the plaintiff about her assuming the outstanding mortgages?”
The defendant offered to prove that the defendant agreed (verbally) as part of the transaction to assume the payment of the mortgages; the amount due to be deducted from the purchase price.
“2. On November 15th did you have some talk with Attorney Rosenberg (one of the plaintiff’s attorneys) about the plaintiff assuming the outstanding mortgages and the payment to you of the balance?”
*88 By such question and the answer thereto the defendant expected to show that the plaintiff’s attorney (Rosenberg) was familiar with the fact that the mortgages were outstanding and that at the time of the deal’s consummation arrangement would be made about their being assumed by the plaintiff.
At the close of the trial the plaintiff duly filed two requests for rulings both of which were allowed. The requests were:
1. The evidence in this case is sufficient as a matter of law to warrant a finding for the plaintiff.
2. The evidence in this case is sufficient as a matter of law to warrant a finding for the plaintiff in the sum of five hundred dollars ($500.00) with interest from November 16, 1946. (the date of the plaintiff’s writ)
The 'Court found for the plaintiff for $502.65.
The defendant claiming to be aggrieved by the rulings and by the refusal to admit evidence, this case is reported to this Appellate Division for determination.
We believe that this case is governed by the decision of Greenberg v. Lannigan, 263 Mass. 594.
In the instant case the agreement of the defendant was to give a good and sufficient deed conveying the property free from all encumbrances. This he never did or offered to do. The only deed he tendered purported to convey the property subject to two mortgages. As a matter of fact there were also outstanding further encumbrances not set forth or referred to in the deed, namely the tax title and the unpaid taxes.
By the above decision. of Greenberg v. Lannigan the plaintiff was not required to accept the deed proffered nor to use the purchase money to pay off the encumbrances. See also Beck v. Doore, 319 Mass. 707, 708.
*89 There was no error in the exclusion by the trial judge of the two questions asked of the defendant. By both of these questions the defendant was endeavoring to show that after the written contract was executed the plaintiff verbally agreed to take title subject to the existing mortgages and assume the payment of the same, the amount thereof to be deducted from the purchase price. The defendant contends that the questions should have been allowed because the terms of the written agreement which read “the balance to be paid within 30 days balance of $10,750.00” is ambiguous in that it does not indicate whether said $10,750.00 is to be paid wholly in cash or by the assumption of the existing mortgages on the real estate to be conveyed and the payment of the balance in cash.
We see no merit in this contention. There was no ambiguity.
The written agreement states that the purchase price, including the balance remaining after the down payment, was to be paid in dollars and not otherwise. “Dollars” means cash.
Furthermore even if the rulings excluding the questions to the defendant were wrong it was not prejudicial to the defendant for the defendant did not expect to prove by the answers to these questions that it was agreed that any provision was to be made for taking care of the encumbrances of the tax title and unpaid taxes.
Question Number 2 was rightly excluded for the further reason that there is no evidence, admitted or offered, to show that Attorney Rosenberg was authorized to bind the plaintiff.
There being no prejudicial error the entry must be report dismissed.