CONTINENTAL DEVELOPERS, LTD., Plaintiff-Appellant, Cross-Appellee *v.* GEORGE EDDY HENSEL, et al., Defendant-Appellee, Cross-Appellant

NO. 5719

MARCH 7, 1977

RICHARDSON, C.J., KOBAYASHI, OGATA, MENOR AND KIDWELL, JJ.

OPINION OF THE COURT BY KIDWELL, J.

This action was brought by Appellant against George Eddy Hensel and Jeannette H. Lent to recover the sum of $5000 paid as a deposit by Appellant under a "Deposit Receipt, Offer and Acceptance" contract (DROA) entered into between Appellant as buyer, and Hensel, as seller. Although only Hensel is named as seller in the DROA, he was unserved and the action has proceeded against defendant-appellee Jeannette H. Lent as though she were the seller. After trial to the court, judgment was entered in favor of Appellee Lent against Appellant, for the sum of $5000, without costs to either party. The parties thereupon stipulated for the deposit of the sum in controversy in a deposit account under the control of both counsel. However informally this result may have been achieved, the sum in controversy is now held for disposition in accordance with the outcome of this appeal.

The DROA provided for the sale to Appellant of a parcel of land containing approximately 48,000 square feet, for the sale

price of $95,000 payable on or before July 31, 1973, and recited the receipt from Appellant of the sum of $5000 as a deposit. In the event of Appellant's failure to pay the balance of the purchase price, the DROA provided that the seller might retain the deposit as liquidated damages. In the event that the seller failed to deliver title as therein provided, the DROA provided that Appellant at its option might terminate the agreement and any deposits should thereupon be returned to it.

The property was to be conveyed with warranties vesting good title in the Appellant, free and clear of all liens and encumbrances. The DROA contained unusual, and ultimately troublesome, special conditions pursuant to which Appellant agreed to pay all costs necessary for subdivision of the land into two parcels; to be responsible for the settlement of a certain engineering fee; and to deed back to the seller, for $1.00, a parcel of 11,000 square feet upon which a three bedroom house was situated.

Although no mention was made in the DROA, the land was subject to a mortgage in favor of a savings and loan association, of which Appellant had knowledge. Appellee testified that it was her intention that the mortgage was to remain a lien on only the 11,000 square foot parcel that was to be reconveyed, and that Appellant was to hold the 37,000 square foot parcel clear of the mortgage at the conclusion of the transaction. In an effort to accomplish this, Appellee corresponded with the savings and loan association but the closing day was reached without effectuation of arrangements for this result and Appellant insisted, by letter, that the property be conveyed free of the mortgage. Prior to or on the closing date of July 31, the parties had signed escrow instructions to an escrow company (Escrow) which directed that the transaction be closed and the sum of $95,000 be transferred from Appellant's account to Appellee's account when Escrow was able to obtain evidence of title showing title to the property vested in Appellant subject to no liens other than real property taxes and assessments not delinquent. Appellee had also signed supplemental escrow instructions directing

that the property be transferred subject to the mortgage (which instructions were not signed by Appellant) and had provided Escrow with a deed together with alternate pages describing the property as free from and encumbered by the mortgage. However, no instructions were given by Appellee to Escrow which would have enabled Escrow to satisfy the mortgage indebtedness and obtain a release of the mortgage by a payment from the escrowed funds at the closing.

Upon the closing date Appellant had not accomplished the subdivision of the property required by the DROA and had not deposited with Escrow the balance of the purchase price in excess of the $5000 deposit. From these facts, the trial court concluded that Appellant was in default and Appellee had not been placed in default under the DROA. We do not agree.

The argument of Appellee is, in effect, that had Appellant accomplished the subdivision of the land as required by the special conditions of the DROA,[1] the closing could have been effected by the release of the 37,000 square foot parcel from the mortgage and its conveyance to Appellant, leaving Appellee with the 11,000 square foot parcel subject to the mortgage. Alternatively, Appellee suggests that the closing could have been effected by the payment of the purchase price by Appellant and the application by Escrow of a sufficient amount to release the property from the mortgage lien. A difficulty with the first alternative is that the record does not show an unqualified willingness of the mortgagee to release any portion of the property from the lien of the mortgage.[2] A difficulty with the second alternative is that Escrow had not been authorized by Appellee to use the purchase money to discharge the mortgage lien.

---

[1] On the closing date, Appellee was not insisting on performance of these conditions as prerequisite to conveyance of the property to Appellant, and we do not regard them as conditions precedent.

[2] An officer of the mortgagee testified that approval by the mortgagee's loan committee would have been necessary, after an appropriate subdivision of the property.

The DROA, as supplemented by the joint escrow instructions, obligated Appellee to convey the property free from the lien of the mortgage, upon payment of the purchase price on the closing date. Appellee did not tender performance in accordance with the contract, and was prepared to convey only an encumbered title on the closing date. The convenants by Appellant to pay and by Appellee to convey a good title were mutually dependent and neither party was obligated to perform without due performance by the other, or at least proof of readiness and willingness to perform. Under the circumstances, Appellant was entitled to rescind the contract and recover the deposit without tendering any part of the purchase price, both by the express provisions of the DROA and applicable rules of law. *Johnson v. Malone,* 252 Ala. 609, 42 So. 2d 505 (1949); *Greenberg v. Lannigan,* 263 Mass. 594, 161 N.E. 882 (1928); *Nelson v. Jardine,* 46 Idaho 82, 267 P.447 (1928). Appellee's lack of readiness to perform was not cured prior to or during the pendency of the action, so that we do not need to consider whether Appellee could have tendered performance at a later date and placed Appellant in default.

The cited decisions take care to distinguish the case where specific performance is sought of a contract such as that involved here. In such a case the court has power to properly adjust all equities and may provide for the payment of a mortgage lien from the purchase price. Accordingly, the mere existence of an encumbrance at the time fixed for performance does not necessarily entitle the purchaser to rescind or refuse to perform. *See* Annotations: Marketable title, 57 A.L.R. 1253, at 1376-1389 and 1521-1525; Vendee's right to recover amount paid under executory contract for sale of land, 59 A.L.R. 189 at 242-245. However, the present case involves only the right of Appellee to retain the deposit, and neither party is seeking specific performance of the contract. Appellee having not been prepared to perform the contract, Appellant is entitled to recover the deposit.

The cross-appeal of Appellee sought the addition of attorney's fees, costs and interest to the judgment entered in favor of Appellee. Since we conclude that Appellee should

not prevail in this action, the cross-appeal requires no consideration.

Reversed and remanded for entry of judgment for Appellant.

*Ronald G. S. Au* and *Dennis W. Potts* for Plaintiff-Appellant, Cross-Appellee.

*Carroll S. Taylor (Chun, Kerr & Dodd* of counsel) for Defendant-Appellee, Cross-Appellant Jeannette H. Lent.