### In re MOVETTE CAMERA CORPORATION.

(District Court, W. D. New York. February 9, 1921.)

1. Bankruptcy ☞175—Reasonable cause to suspect insolvency unnecessary to invalidate transfer in fraud of creditors.

The existence of reasonable cause to believe the bankrupt was insolvent at the time of the delivery of a chattel mortgage is not necessary to invalidate the mortgage, under Bankruptcy Act, § 67e (Comp. St. § 9651), if it was executed with intent to defraud creditors, though it would be necessary to invalidate it as a preference under section 67c.

2. Bankruptcy ☞303(1)—Mortgagee has burden of proving good faith and fair consideration for mortgage of all property of insolvent corporation within four months of bankruptcy.

Where a chattel mortgage covering all the property of a corporation, which was insolvent when the mortgage was given, was executed within four months of bankruptcy, the burden is on the mortgagee to establish that it was executed and delivered in good faith for a present fair consideration.

3. Bankruptcy ☞303(1)—Mortgagee is presumed to have knowledge of financial condition of bankrupt.

Where the facts sustain a finding that a chattel mortgage was executed with intent to defraud creditors, a mortgagee is presumed, in subsequent bankruptcy proceedings against the mortgagor, to have had knowledge of the financial condition of the bankrupt.

In Bankruptcy. In the matter of the Movette Camera Corporation, bankrupt. On review of a decision by the special master that a chattel mortgage given by the alleged bankrupt was invalid. Decision confirmed.

Francis S. Macomber, of Rochester, N. Y. (George J. Skivington, of Rochester, N. Y., of counsel), for trustee.

Cogswell Bentley, of Rochester, N. Y., for respondent Fruth.

HAZEL, District Judge. The petition alleges, inter alia, that the chattel mortgage in question was given without consideration, and was accepted with the intent and purpose to hinder, delay, and defraud creditors.

[1] The main point urged in opposition to the report is that the burden rested upon the trustee to prove that the chattel mortgage was given by the bankrupt when the mortgagee had reasonable ground to be-

lieve, under section 67c, Bankruptcy Act (Comp. St. § 9651), that the corporation was insolvent, and that it was in fact given without fair consideration. It will not be profitable to examine the authorities cited on this point, since I think the petition alleges sufficient grounds for sustaining the invalidity of the incumbrance under section 67, subd. "e." The element of the existence of a reasonable cause to believe the bankrupt insolvent at the time of the delivery of the chattel mortgage is not present in the latter subdivision.

[2, 3] The evidence shows that the transfer was made within four months of bankruptcy, and that the bankrupt corporation was insolvent at the time. On its face the instrument purports to transfer "all the tangible personal property of the bankrupt," and the burden of proof was upon the respondent or transferee to establish that the chattel mortgage was made and delivered to him in good faith, for a present fair consideration. It is presumed in the circumstances that the mortgagee had knowledge of the financial condition of the bankrupt. Loveland on Bankruptcy, vol. 1, p. 790; Remington on Bankruptcy, vol. 2, § 1746. He cannot be heard to say that he is innocent of participation in any constructive fraud, since the finding by the special master that the evidence was wholly insufficient to prove any advances of money, or that the mortgage was given for a present fair consideration, is fully substantiated. The testimony drawn out on cross-examination of an officer of the corporation, to the effect that there was a present consideration, is unconvincing. The facts and circumstances showed that the incumbrance was made with the intent to hinder, delay, and defraud creditors, and the consummation was in bad faith.

It is contended that, even if the bankrupt was guilty of fraudulent intent, the presumption is not warranted that the mortgagee was a party to the fraud; that the latter is nevertheless protected if he advanced the consideration in good faith, but, as already stated, since the chattel mortgage was executed within the four-months period, it was incumbent upon the respondent to show good faith in its acceptance, and that it was made for a present fair consideration. This he has failed to do.

In the Van Iderstine Case, 227 U. S. 575, 33 Sup. Ct. 343, 57 L. Ed. 652, the facts differ in important particulars. There the loans were shown to have been made to the bankrupt by the Discount Company, and admittedly were used to pay certain preferred creditors. It was held that the evidence did not show an intent to defraud, but, on the contrary, showed that the advances by the Discount Company were made in good faith, without any purpose to aid the bankrupt to defraud his creditors, and that it did not constitute a fraud for an insolvent to borrow money in order to make preferential payment to a creditor, as such payment, even though constructively fraudulent, could be recovered in an action by the trustee. Other cases cited need not be examined, as they mostly bear on actions under section 67d of the Bankruptcy Act, or on questions of preferential transfers by the bankrupt to creditors under section 60 of the Bankruptcy Act (Comp. St. § 9644).

The report of the special master is confirmed.