## McCARRON v. ARONSON et al.

(District Court, D. Massachusetts. January, 1924.)

No. 1776.

1. **Bankruptcy ⟲166(3)—Creditor and transferee of bankrupt's property held chargeable with knowledge of insolvency.**

Creditor of bankrupt and indorser of bankrupt's note to such creditor, and to whom property of the bankrupt was transferred as security, *held* chargeable with knowledge of insolvency, or put on inquiry with respect thereto.

2. **Bankruptcy ⟲166(3)—Transfer of bankrupt's property to indorser of his note held preferential.**

Transfer of bankrupt's property to one indorsing his note to creditor, at time when both creditor and indorsee knew of fraudulent mortgages existing against the property, and were chargeable with knowledge of fact of insolvency, *held* preferential transfer.

In Equity. Bill by Charles A. McCarron, trustee in bankruptcy of Charles Brodsky, against J. N. Aronson and another. Decree for plaintiff.

Jacobs & Jacobs, of Boston, Mass., for plaintiff.

William D. Regan, of Lowell, Mass., and Morrison & Morrison, of Boston, Mass., for defendants.

LOWELL, District Judge. This is a bill in equity brought by the trustee in bankruptcy of Charles Brodsky to set aside a transfer of property as a preference or as a fraudulent transfer, and to recover the value of the property, which has been sold. Brodsky was adjudicated a bankrupt on a voluntary petition filed on June 6, 1922, and the plaintiff was afterwards appointed trustee.

The bankrupt owed the defendant Aronson $1,250. In the latter part of April, 1922, Aronson sued the bankrupt, and put a keeper in his place of business in Chelsea. The bankrupt endeavored to furnish a bond to dissolve the attachment, but the sureties he offered were not satisfactory. The following transaction was then arranged between the bankrupt, the defendant Aronson and the other defendant, Samuel Cohen. The bankrupt gave Aronson a note for $1,400, which was endorsed by Cohen. To secure Cohen the bankrupt gave him a bill of sale of his merchandise. This merchandise was at the time subject to two mortgages, both running to the same person, which had been given, as Cohen knew, without consideration, to enable the bankrupt to defeat attachments. The mortgages were discharged without the payment of any money, and Cohen took the bill of sale. This transaction took place on May 6, 1922. At that time the bankrupt was insolvent. One of the terms of the arrangement was that the bankrupt should pay Cohen in installments of $200. The first installment came due early in June. Cohen, learning that it would not be paid, took possession of the merchandise, and afterwards sold it. There was evidence that the merchandise was worth at the time of transfer about $2,500. It consisted of barrels and staves, hoops, etc., used in the manufacture of barrels. The bankrupt, Aronson and Cohen were all engaged in the manufacture or sale of barrels. Cohen was an experienced man, thoroughly familiar with the business. There was evidence that the value of barrels rose during the summer of 1922, and was greatest in September, October, and early November, during which time the merchandise was sold by Cohen.

[1] Under the circumstances above set forth, there is no doubt that Aronson and Cohen knew, or ought to have known, that the bankrupt was insolvent. They knew that he could not pay a debt of $1,250 and could not furnish sureties for a bond to dissolve an attachment. They knew that the merchandise was covered by two fraudulent mortgages. I find on the facts that both Aronson and Cohen knew that the bankrupt was insolvent. If, however, they did not know this fact, they both knew of the fraudulent mortgages, and were put on inquiry as to solvency. Inquiry would have shown the true state of affairs, and they are bound by this knowledge. 2 Collier on Bankruptcy (13th Ed.) p. 1299.

[2] The transfer was a preference, as both Aronson and Cohen knew, or had reasonable cause to believe, that the enforcement of the transfer would effect a preference. Van Iderstine v. National Discount Co., 227 U. S. 575, 583, 33 Sup. Ct. 343, 57 L. Ed. 652, 29 Am. Bankr. Rep. 478; Dean v. Davis, 242 U. S. 438, 443, 37 Sup. Ct. 130, 61 L. Ed. 419, 38 Am. Bankr. Rep. 664; In re Beerman (D. C. Ga.) 7 Am. Bankr. Rep. 431, 112 Fed. 663; Walters v. Zimmerman (D. C. Ohio) 30 Am. Bankr. Rep. 776, 780, 208 Fed. 62; Marsh v. Walters, 220 Fed. 805, 136 C. C. A. 409.

There was evidence that Cohen did not sell the merchandise by auction and did not give any public notice of the sale. A considerable portion of it was sold to Aronson. Under these circumstances both Aronson and Cohen should account to the trustee for the fair value of the merchandise. The evidence of value comes from one McDonald, who was an employee of the bankrupt, thoroughly conversant with the value of the merchandise, and a man of experience. His evidence has not been impeached. He says that the fair value of the merchandise at the time it was sold was $3,500.

The plaintiff may recover from Aronson or Cohen, either or both, a sum not exceeding in the aggregate $3,500.