BRUSH v. SEYMORE et al.

No. 34.

District Court, D. New Hampshire.

Nov. 22, 1939.

Dudley Orr, of Concord, N. H., for trustee.

Edgar Bowker, of Whitefield, N. H., for Seymore.

Thomas Dolan, of Manchester, N. H., for Varick.

**MORRIS, District Judge.**

This is an action at law brought by Larkin R. Brush, trustee of the Cullen Hardware Corporation, bankrupt, against J. Alfred Seymore of Carroll, N. H., and John B. Varick Company a corporation having its principal place of business at Manchester, N. H., to recover a preference under Sections 60, sub. b and 67, sub. a of the Bankruptcy Act, 11 U.S.C.A. §§ 96, sub. b and 107, sub. a.

The main facts of the case were agreed to by the parties. From the facts agreed it appears that the Cullen Hardware Corporation began to do business at Littleton, N. H., in May 1937. Its capital consisted of fourteen thousand dollars loaned to it by Carrie L. Bellows, one thousand dollars loaned by Evelene E. Cullen and two thousand dollars advanced by Richardson & Cameron Company on a note endorsed by Carrie L. Bellows.

An involuntary petition in bankruptcy was filed in this court on the twenty-fourth day of January, 1939 and on the thirteenth day of February, 1939 the Cullen Hardware Corporation was adjudged a bankrupt. Larkin R. Brush was appointed trustee March 16, 1939. The schedules filed showed the liabilities $44,124.23 and the assets $12,015.74.

In January 1938 the corporation was in need of funds and Mrs. Cullen wife of the president and general manager negotiated with the defendant Alfred Seymore for a loan to the corporation which resulted in Seymore loaning the Cullen Hardware $2,400 on or about January 29, 1938. This loan was secured by a pledge of all of Mr. Cullen's stock which was forty of the total of forty-two shares actually issued by the corporation and also by an assignment of a mortgage for nine hundred dollars on the residence of John P. Wright in Littleton, N. H. Following this loan Mrs. Cullen contacted Seymore several times to borrow money to meet the payroll of the corporation. Seymore advanced the amount requested, usually about five hundred dollars. These advances were all paid with the exception of one which was witnessed by a note endorsed by Seymore at the Littleton bank. This note was renewed once for ten days but before the period expired suits were brought against the corporation and a keeper was placed in the store. Seymore finally paid the note.

The Cullen Hardware Corporation started doing business with the Varick Company May 27, 1937. A running account continued from that time until November 4, 1938. By the first of September 1938 the account of the Cullen Hardware with the Varick Company was past due and after investigation and at the request of their credit representative Cullen Hardware delivered its note in the sum of $330.08 to the Varick Company in payment of the account up to September 1. A check of the Cullen Hardware Corporation dated November 14, 1938, was delivered in payment of this note. The check was not paid at the bank and the amount was charged back by the Varick Company into its open account. A second note dated November 5, 1938, in the sum of $558.89 was not paid and likewise was charged back by Varick into the open account November 22, 1938. Thereafter Varick Company placed its claims in the hands of its attorneys for collection and learned that other creditors were also pressing for payment.

On July 18, 1938, the Cullen Hardware Corporation executed a chattel mortgage to Carrie L. Bellows in the amount of fourteen thousand dollars covering its entire stock in trade including its accounts receivable which was duly recorded. The Varick Company had actual notice of this transaction prior to issuing its writ of attachment on December 8, 1938. On this date the Varick Company and another large creditor placed writs against the Cullen Hardware Corporation in the hands of the sheriff. Thereupon attachments were made and a keeper placed in possession of the

property. During the period from December 8 to December 12, ten writs of attachment were served on the Corporation.

In the meantime the Varick Company, J. Alfred Seymore and other creditors were negotiating for settlement of their claims. Seymore declined to put any more money into the business. The Varick Company on December 10, 1938, executed a bond to indemnify the sheriff against loss on account of a demand made against him by Carrie Bellows, the mortgagee, under the mortgage of July 14, 1938. Finally, on December 12, 1938, a settlement was reached at the office of an attorney of the Cullen Hardware Corporation, in which defendant Seymore participated and with the progress of which the defendant John B. Varick Company was in touch by telephone. At this meeting no statement of the assets and liabilities of the Corporation was presented.

On December 10, 1938, Cullen Hardware Company assigned to defendant Seymore its account with Edward Rioux to the amount of nine hundred dollars. On February 13, 1939, Defendant Seymore collected the sum of $829.05. In consideration of the Rioux assignment Seymore agreed to pay the Varick Company $500 and provide for the weekly payroll of $400. The five hundred dollars paid to Varick on December 12, 1938, is the alleged preferential payment which the trustee seeks to recover in this case.

As a result of the meeting on December 12, 1938, John B. Varick Company obtained a mortgage for $452.78 the balance of its claim over and above the five hundred dollar payment, on all the property of the Cullen Hardware Corporation; certain accounts were assigned to the Page Belting Company and a second mortgage executed to it in the sum of $4,125.60; a third mortgage in favor of J. Alfred Seymore in the sum of $3,000; a fourth mortgage in favor of Decatur & Hopkins Company, a trade creditor in the sum of $1,269.54 and a fifth mortgage in the sum of $14,000 in favor of Carrie L. Bellows, were also executed.

December 15, 1938, the stock of the Cullen Hardware Corporation was destroyed by fire and thereafter no business was transacted. The value of the property at the time of the fire, as shown by the books of the Company, did not exceed $25,000.

■ The Cullen Hardware Corporation was on the 12th day of December 1938 hopelessly insolvent. This fact, both Seymore and the John B. Varick Company knew or had such knowledge of the financial condition of the Corporation as to reasonably lead them to believe that such was the fact. In an effort to secure past indebtedness of the Corporation to them they took mortgages on all its property. This was a fraud upon other unsecured creditors, and in violation of Sections 60 and 67 of the Bankruptcy Act. The mortgages are invalid.

■ The assignment of the Rioux account for $900 was likewise invalid, insofar as it was intended to be applied on past due accounts. Four hundred dollars of the same was to secure Seymore for advancing the current payroll, to that extent it cannot be said to be preferential.

■ The transactions of Saturday December 10 and Monday December 12, 1938, at which time both defendants were represented must be treated as a single transaction. Seymore knew as did the John B. Varick Company the source of the five hundred dollar payment and the fact that the payment to Varick passed through a third party's hands is of no consequence. The trustee has a right to recover the preference from a party receiving it. The introduction of a third party does not cure the transaction. Dean v. Davis, 242 U.S. 438, 37 S.Ct. 130, 61 L.Ed. 419; Lovett v. Faircloth, 5 Cir., 10 F.2d 301; McCarron v. Aronson, D.C., 1 F.2d 455; Hertzmark v. Lynch, 1 Cir., 54 F.2d 38.

The order is,

Verdict against the John B. Varick Company, recipient of the preferential payment for the sum of five hundred dollars with interest from September 18, 1939.