## CHOROST et al. v. GRAND RAPIDS FACTORY SHOW ROOMS, Inc., et al.

### No. 9735.

United States Court of Appeals
Third Circuit.

Argued Dec. 22, 1948.

Decided Jan. 20, 1949.

Rehearing Denied Feb. 10, 1949.

**328**

Mendon Morrill, of Paterson, N. J. (Cole, Morrill & Nadell, of Paterson, N. J., on the brief), for appellants.

Milton M. Unger, of Newark, N. J. (Adrian M. Unger, of Newark, N. J., on the brief), for appellees.

Before BIGGS, Chief Judge, and GOODRICH and KALODNER, Circuit Judges.

GOODRICH, Circuit Judge.

The trustees of the Zisblatt Furniture Company, Inc., bankrupt, brought an action to set aside a transfer by the bankrupt and to recover the value of the property transferred. Judgment against the defendants was granted by the District Court and they appeal. Full findings of fact were made by the Trial Judge, and he accompanied his findings with a discussion of the legal points. D.C.1948, 77 F.Supp. 276. Since we agree with both his conclusions and the reasons for them this discussion can be made brief.

Counsel for the appellants contends that the individual defendants, Irving and Rose Zisblatt, should not have had judgment given against them. In the first place, he says, they were not sued individually. That point is not well taken. They were named defendants in the complaint and relief was sought against them in the paragraphs stating the relief prayed for. In the court below suit was brought on several alleged causes of action. The court dismissed all of these except one. But in the third cause of action, upon which judgment for the plaintiffs was given, the allegations of the first cause of action were incorporated, and in this part of the complaint charges against the individuals appear clearly. There is nothing to the point that the individual defendants were not put on notice.

■ Complaint is made, also, that judgment should not have been rendered against the individual defendants because, it is argued, if anybody was a party to a fraudulent transaction it was the corporate defendant, Grand Rapids Factory Show Rooms, Inc., or First Rapids Furniture Co., Inc., its successor. The corporate defendant was organized in the first instance by Morris Zisblatt, virtual owner of the bankrupt and by a later transaction he transferred all the stock to his brother and his brother's wife, Irving and Rose Zisblatt. They were the sole owners of the defendant corporation and they were the ones who ran it. If there was a fraudulent transfer of property to this corporation, some human beings had to receive it. Clearly, the human beings in this instance were Irving and Rose Zisblatt, who were the officers as well as the only shareholders of the corporation. The corporate fiction cannot be availed of to shield them from responsi-

bility for fraud, if there was actual fraud attributable to the corporate transferee.

█ It is undisputed in this case that the intent of the bankrupt in making the transfer was fraudulent.[1] Indeed the evidence of fraud is so strong that, in the words of the Trial Judge, " * * * only inexcusable naiveté would lead one to believe that the transfers were not made with fraudulent intent." On that showing, the trustees made out a prima facie case to have the transfer set aside.[2] They could recover from the transferee the property which was transferred, or its value if it had been disposed of.[3]

█ Appellants rely, however, on § 67, sub. d(6) of the Bankruptcy Act.[4] Under that section, one who is not entitled to the rights of a bona fide purchaser but who, without actual fraudulent intent, has given some consideration, is allowed the benefit of what he paid for the property transferred to him. That the defendant corporation or the Zisblatts did pay something to the bankrupt for the furniture transferred appears in the evidence. But the Trial Court expressly found: " * * * The defendants Grand Showrooms and Irving Zisblatt and Rose, his wife, were not purchasers in good faith but guilty participants in the fraud." This finding of actual fraud takes the case out of the protection afforded by § 67, sub. d(6).

The finding is correct on two grounds. First, the fraudulent intent of the transferor having been shown, the burden of proving that they qualified under the exception of § 67, sub. d(6) shifted to the defendants as transferees.[5] The defendants made no attempt to show their good faith affirmatively, and did not, therefore, sustain their burden.

██ Second, and apart from the rule as to burden of proof, there is ample evidence to support a finding of actual fraud. Lack of honest belief has been considered fraudulent ever since the days of the famous case of Peek v. Derry, [1889], 14 App.Cas. 337. As the Trial Judge points out, if Irving Zisblatt did not know of the fraud it was because he wilfully ignored facts that pointed to it. A man cannot successfully claim that he is acting honestly when he wilfully shuts his eyes for fear that leaving them open will reveal unpleasant facts. While there is no statement on the part of either Irving or his wife that they knew fraud was going on, fraud, like any other fact, may be concluded from circumstantial evidence.[6] There is no lack of such evidence in this case and the opinion of the District Court may be referred to for a summary of its items. While the term "fraud imputed to the defendants" is used by the learned Trial Judge in his conclusions of law, it is quite clear that the imputation comes as a conclusion on facts shown in the evidence. Perhaps "inference" or "conclusion" would have been a happier term to use, but the meaning is clear enough.

The judgment will be affirmed.

---

[1] The description of a fraudulent transfer is found in Bankruptcy Act § 67, sub. d (2) (d), 11 U.S.C.A. § 107, sub. d (2) (d).

[2] Edward Hines Western Pine Co. v. First Nat. Bank of Chicago, 7 Cir., 1932, 61 F.2d 503, 510; Hertzmark v. Lynch, 1 Cir., 1931, 54 F.2d 38, 40; Bentley v. Young, D.C.S.D.N.Y.1914, 210 F. 202, 205; 4 Collier, Bankruptcy § 67.43, p. 364, 14th ed. 1942; 4A Remington, Bankruptcy § 1641, p. 15, 5th ed. 1943.

[3] Irving Trust Co. v. Conte, D.C.S.D. N.Y.1937, 22 F.Supp. 94; Bentley v. Young, D.C.S.D.N.Y.1914, 210 F. 202, 205; 4 Collier, Bankruptcy § 67.49, pp. 415-417, 14th ed. 1942; 1 Glenn, Fraudulent Conveyances § 239 (Rev. ed. 1940).

[4] 11 U.S.C.A. § 107, sub. d(6).

[5] See footnote 2, supra.

[6] Hertzmark v. Lynch, 1 Cir., 1931, 54 F.2d 38, 41; Parker v. Sherman, 2 Cir., 1914, 212 F. 917; Lumpkin v. Foley, 5 Cir., 1913, 204 F. 372, 379.