CHARLES BATTY *vs.* JOSEPH K. GREENE, administrator.

Worcester.　October 4, 1910. — October 19, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Equity Jurisdiction,* To compel restoration of property obtained by fraud. *Survival of Suits. Husband and Wife.*

A suit, to compel the restoration of money and property obtained from the plaintiff by the fraud of a woman, with whom the plaintiff lived for many years supposing her to be his wife, in intentionally concealing from the plaintiff the fact that she had a husband living before her pretended marriage to the plaintiff and the fact that her early marriage was still in force during the time that she lived with the plaintiff as his wife, may be maintained against the administrator of the estate of the woman, because this equitable cause of action survives the death of the person who committed the fraud.

In a suit against the administrator of the estate of a woman with whom the plaintiff lived for many years supposing her to be his wife, to compel the restoration of money and property obtained from the plaintiff by fraud on the part of the defendant's intestate in intentionally concealing from the plaintiff the fact that she had a husband living before her pretended marriage to the plaintiff and the fact that her early marriage was still in force during the time that she lived with the plaintiff as his wife, it appeared that after the marriage ceremony was performed between the plaintiff and the defendant's intestate, which the plaintiff believed had made her his wife, the plaintiff put his money in a common fund with that of his supposed wife, that the common fund was used for the purposes of both of them and for convenience in drawing checks, that the plaintiff put into this common fund the profits of his business, the rents from his houses and all sums of money received by him, and that the title to all houses purchased with money from the common fund was taken in the name of his supposed wife. A master found that the plaintiff at the time of the death of his supposed wife was entitled to six-fifteenths of the common fund as his just proportion thereof.

A final decree was made for the plaintiff in the amount representing this proportion, and the defendant appealed. The defendant contended that no property was obtained from the plaintiff at the time of the pretended marriage or as a direct result of it, and that the injuries to the plaintiff's property or property rights were merely incidental to the pretended marriage and furnished no new or independent cause of action. *Held,* that the fraud of the defendant's intestate did not consist alone of the single act of the pretended marriage to the plaintiff but rather of a continuous series of acts of fraudulent concealment while the intestate was maintaining in appearance the relation of a lawful wife, and that this fraudulent concealment existed at the various times when the plaintiff parted with his property by contributing to the common fund, so that each of those contributions passed to the defendant's intestate as a direct consequence of her fraud; and therefore that the decree for the plaintiff was warranted.

CONTRACT against the administrator *de bonis non* of the estate of Elizabeth Fotherby, otherwise known as Elizabeth Batty, afterwards, by an amendment allowed on October 9, 1908, changed into a suit in equity, to recover certain property alleged to have been obtained from the plaintiff by the fraud of the defendant's intestate in wilfully concealing from the plaintiff, with whom she went through a form of marriage on September 18, 1889, the fact that she then had a husband living and in continuing such fraudulent concealment until the death of her lawful husband in April, 1902, during which time she lived with the plaintiff as his wife. Writ in the Superior Court in the action at law dated December 5, 1905.

The case was referred to John Alden Thayer, Esquire, as master, who filed a report, and, after the case had been recommitted to him, filed a supplemental report in which he found that the plaintiff was entitled to receive six-fifteenths of $14,642 amounting to $5,856.80 with interest at six per cent from October 13, 1902, subject to a deduction of $1,000, leaving the net amount of $4,856.80 with interest as above. The facts which appeared by the master's report are stated in the opinion.

The case was heard by *Sanderson,* J., upon the defendant's exceptions to the master's report. The judge made a decree overruling the exceptions and confirming the master's report. Later a final decree was entered in accordance with the master's report, and the defendant appealed.

The former proceeding of Hargraves *v.* Batty, mentioned at the end of the opinion, was an appeal to the Supreme Judicial Court from a decree of the Probate Court ordering that the

plaintiff in the present case be removed as the administrator of the estate of Elizabeth Fotherby, otherwise known as Elizabeth Batty. The appeal was heard by *Loring,* J., who made a decree that the present plaintiff was not the lawful husband of Elizabeth Fotherby, that his appeal from the decree of the Probate Court should be dismissed and that such decree removing him as administrator should be affirmed.

In the present suit the defendant moved that, if it should be determined that anything was due to the plaintiff from the estate of his intestate, the amount of costs and expenses incurred by the estate in the trial of the case of Hargraves *v.* Batty in the Supreme Judicial Court should be deducted from the amount of damages awarded to the plaintiff, and that no interest should be allowed him for the time the settlement of the estate was delayed by the court proceedings wherein the plaintiff was declared to be in the wrong. *Sanderson,* J., made an order denying the motion without prejudice to the defendant's right to collect from the plaintiff the costs therein referred to if he was entitled to them.

*J. K. Greene,* administrator, *pro se.*

*E. T. Esty,* for the plaintiff.

HAMMOND, J. This is a bill in equity brought against the administrator of the estate of Elizabeth H. F. Mitchinson, so called, to recover property obtained by the said Mitchinson by fraud and still held by the defendant as a part of her estate. The case was sent to a master, and is before us upon appeals taken by the defendant to the decree affirming the master's report and to the final decree in favor of the plaintiff. Since this action was brought the original plaintiff has died and the action is now prosecuted by Edwin Batty, the administrator of his estate.

The following facts, among others, are found by the master: Charles Batty, the original plaintiff, went through a marriage ceremony with the said Mitchinson in September, 1889, and they lived together as husband and wife from that time until her death, which occurred October 13, 1902. Before this she had gone through a marriage ceremony with one Mitchinson, with whom she had lived for nineteen years as his wife until his death, which occurred before the marriage ceremony between

herself and Batty. After her death it transpired that before either of these ceremonies she had married in England one Fotherby, who died in April, 1902. Of this marriage Batty knew nothing "until after June 27, 1898, and before April, 1902." Batty at the time of his supposed marriage owned some property, and for several years carried on a " butter and egg business " in Worcester, while the wife kept a boarding house in Webster, both in this State. After a while he gave up the business in Worcester and spent all his time in Webster, " rendering some, but not much, aid to his wife in running the boarding house." About seven years after the marriage the boarding house business was given up, and they came to Worcester to live in the lower tenement of one of the houses purchased after the marriage and standing in her name. " From the time of his marriage Batty put his money into a common fund with his wife's, which was used for the purposes of both, and for convenience in drawing checks ; sometimes a part of it was kept in a bank in Batty's name. Batty put the profits of his business, the rents from his houses, and all sums of money received by him into the common fund." All the houses purchased since the marriage with money from this common fund stood in the name of the wife. Of the common fund existing at the time of her death Batty contributed at least six-fifteenths. The master found that he was entitled to this as being his just proportion thereof; and the final decree is in favor of the plaintiff for that part, being the sum of $4,856.80, with interest from October 13, 1902.

There can be no doubt that the intentional concealment by the supposed wife that she had been previously married to Fotherby and that her marriage was still in full force, was a fraud upon Batty for which, during the lifetime of the parties, he could have maintained an action of deceit or a petition to annul the marriage. It was a fraud as to the very *essentialia* of the marriage contract. *Kidney* v. *Stoddard*, 7 Met. 252. *Stewart* v. *Wyoming Cattle Ranche Co.* 128 U. S. 383. Cooley on Torts, (3d ed.) 910, and cases cited. *Reynolds* v. *Reynolds*, 3 Allen, 605. *Morrill* v. *Palmer*, 68 Vt. 1. See also *Van Houten* v. *Morse*, 162 Mass. 414, and cases cited.

It is urged by the defendant that the right of action did not survive the death of the person who committed the fraud. It

is to be noted that this is not an action at common law to re-
cover damages for fraud, nor in the nature of such an action. It
is a suit to recover specific property (or the avails thereof) pro-
cured by fraud and still held as a part of the estate of the fraud-
ulent party. It rests upon a general rule, a good statement of
which may be found in Perry on Trusts, in the following lan-
guage: " If one party procures the legal title to property from
another by fraud or misrepresentation or concealment, . . .
equity will convert such party thus obtaining the property into
a trustee . . . and this trust . . . [courts of equity] . . . will
fasten upon the conscience of the offending party, and will con-
vert him into a trustee of the legal title, and order him to hold
it or to execute the trust in such manner as to protect the
rights of the defrauded party and promote the safety and in-
terests of society." Perry on Trusts, (5th ed.) § 166. See also
Pom. Eq. Jur. (3d ed.) §§ 1044, 1047, and cases there cited. If
this case comes within this general rule, then the cause of action
survives. *Parker* v. *Simpson,* 180 Mass. 334, 343, and cases
cited.

It is contended however by the defendant that the present
case is not within the rule; and in support of this contention he
argues that the fraud complained of affected primarily the per-
son defrauded and not his property, that no property was ob-
tained at the time of the fraud nor as a direct result thereof,
but that the injuries to his property or property rights were
merely incidental (see *Jenkins* v. *French,* 58 N. H. 532, 533),
and that while this loss might properly be considered as an ele-
ment of damages in an action of deceit, yet of itself it furnishes
no new or independent cause of action. (See *Payne's appeal,*
65 Conn. 397.) But we think this objection untenable. While
it is true that at the time of the fraud no property passed to the
offending party, still the fraud consisted not alone of one single
act, but of a continuous series of acts, or rather of a continuous
situation. Day by day and hour by hour did this woman, by
maintaining in appearance the relation of a lawful wife, renew
and repeat this fraud. The concealment was continuous, and
the fraud was as continuous as the concealment. It existed at
the time of the marriage, and at the respective times when Batty
contributed to the common fund. And this suit is not based

upon the concealment when the marriage ceremony took place, but upon that existing when Batty parted with his property. In every proper sense the property, although not obtained at the time the concealment began, was obtained by the concealment existing at the time it was passed to the offending party and as the direct consequence of the resulting fraud. See *Morrill* v. *Palmer*, 68 Vt. 1.

The master has not found how long before April, 1902, Batty knew of the fraud, and he has not reported the circumstances for the delay of the plaintiff after he knew of it; and we are of opinion that Batty has not been shown to be guilty of laches.

It follows that the plaintiff is entitled to a decree in his favor. The suit being to recover property (or the avails thereof) fraudulently obtained, the provision of the decree that interest should be allowed from October 13, 1902, the time of the death of the supposed wife, was favorable enough to the defendant. *Parker* v. *Simpson*, 180 Mass. 334, 358, and cases cited.

Nor should the defendant be allowed in this suit the costs and expenses sustained in the former proceeding of Hargraves v. Batty, mentioned in the defendant's brief.

*Decrees affirmed.*