### TANNEHILL v. UNITED STATES et al.
### No. 6181.

United States District Court
N. D. Alabama, S. D.

Feb. 16, 1949.

Edward Saunders, of Bessemer, Ala., and Kingman C. Shelburne, of Birmingham, Ala., for plaintiff.

Lipscomb & Brobston, of Bessemer, Ala., for defendant and cross-plaintiff, Sallie Tannehill.

John D. Hill, U. S. Atty. and Wm. L. Hogue, Asst. U. S. Atty., both of Birmingham, Ala., for defendant, United States.

LYNNE, District Judge.

This cause, coming on to be heard, was submitted upon the motion of defendant and cross plaintiff, Sallie Tannehill, for a summary judgment under the provisions of Federal Rules of Civil Procedure, rule 56(c), 28 U.S.C.A.

Upon a full and fair consideration of said motion, the pleadings, the affidavits filed in behalf of the defendant and cross plaintiff, Sallie Tannehill, and the affidavits filed in behalf of the plaintiff, Mattie S. Tannehill, the stipulation of the parties, and of the arguments of counsel for the respective parties, the court is of the opinion that there is no genuine issue as to any material fact and that judgment is due to be rendered against the plaintiff and in favor of the defendant and cross plaintiff, Sallie Tannehill.

The insured, Leonidas Tannehill, entered the military service of the United States on January 4, 1943, was honorably discharged on March 2, 1944, and died on October 18, 1946. While in the service the insured applied for a policy of National Service Life Insurance in the amount of $10,000 in which he designated as the primary beneficiary of such insurance in the amount of $5,000 the defendant and cross plaintiff, Sallie Tannehill, as his wife, and Mattie Tannehill, as his mother, the contingent beneficiary thereunder for such sum. Pursuant to his application therefor, National

Service Life Insurance was granted to the said insured in the amount of $10,000, evidenced by Certificate N-8308133. The said policy of insurance was in effect on the date insured died and did mature as a result of his death from pulmonary tuberculosis on October 18, 1946.

The counter affidavits filed in behalf of the plaintiff, Mattie S. Tannehill, establish the fact that the insured was divorced from the said Sallie Tannehill by a court of competent jurisdiction on August 22, 1946. The counter affidavits likewise tender the issue that the said Sallie Tannehill was not the wife of the insured at the time he applied for and obtained the insurance involved in this action because their purported marriage was bigamous in that the said Sallie Tannehill then had a living husband from whom she had not been divorced.

It is my opinion that since the insurance policy involved herein matured after August 1, 1946, it is immaterial as to whether the said Sallie Tannehill was the wife of the insured on the date of his death or as to whether in fact she was ever his lawful wife. Section 4 of the Insurance Act of 1946, which amended Section 602(g) of the National Service Life Insurance Act of 1940, as amended, Title 38, U.S.C.A., § 802(g), is clear and unambiguous in its import.[1] The congressional intent of this amendment is unmistakable.[2]

It follows that the defendant and cross plaintiff, Sallie Tannehill, to the extent of $5,000, is entitled to payments of benefits under the policy sued on.

Let judgment be entered accordingly.

---

[1] The language of the amendment is as follows: "Provided, That the provisions of this subsection as to the restricted permitted class of beneficiaries shall not apply to any national service life insurance policy maturing on or after the date of enactment of the Insurance Act of 1946." The date of such enactment was August 1, 1946.

[2] Report of the Senate Committee on Finance (Senate Report No. 1705, July 12, 1946, United States Code Congressional Service, 79th Congress, second session, 1946): "Section 4 of the committee amendment amends subsection 602(g) of the National Service Life Insurance Act of 1940, as amended, by adding a proviso thereto making the provisions of the subsection as to the restricted permitted class of beneficiaries inapplicable to any national service life insurance policy maturing on or after the date of enactment of the bill. It will be noted that the provisions of this section will not interfere with the payments of insurance being made to beneficiaries on insurance which has matured prior to enactment of the bill and that any person, firm, corporation, or legal entity may be designated as beneficiary of a national service life insurance policy which matures after the date of enactment of the bill."