**WILSON et al. v. KYLE et al.**

No. 13208.

United States Court of Appeals Fifth Circuit.

Jan. 19, 1951.

R. A. D. Morton, El Paso Tex., for appellant.

Holvey Williams, Asst. U. S. Atty., and Ernest Guinn, both of El Paso, Tex., for appellee.

Before HOLMES and RUSSELL, Circuit Judges, and DOOLEY, District Judge.

HOLMES, Circuit Judge.

This appeal is from a judgment awarding the proceeds of a $5000 National Service Life Insurance policy to appellee Mrs. Julia M. Kyle, mother of the deceased insured, instead of to appellant Elaine R. Wilson, the purported wife of the deceased. The material facts are as follows:

Edgar Lewis Kyle obtained a $10,000 National Service Life Insurance policy, effective June 1, 1943. The amount thereof was later reduced to $5000, which was in effect when Kyle died in service in October, 1947. At the time the policy was issued, the insured designated his mother as his principal beneficiary and his sister as his contingent beneficiary. In August, 1943, appellant Elaine R. Wilson obtained a purported divorce from Jack L. Trogden in Juarez, Mexico, which divorce was found by the court below to be invalid. On March 11, 1944, the insured married appellant Elaine R. Wilson in El Paso, Texas. On April 29, 1944, he named the said Elaine R. Wilson, whom he thought to be his wife, principal beneficiary under his policy, and his mother was named contingent beneficiary. On April 2, 1947, appellant Elaine R. Wilson divorced the insured at El Paso, Texas. There were no children born of their marriage. On August 30, 1947, the insured married appellee Claudia Marie Kyle at El Paso, Texas. While married to her, he was killed in service on October 29, 1947. No attempt was made by the insured to change the beneficiaries under his policy after he was divorced by appellant Elaine R. Wilson and remarried to Claudia Marie Kyle, who joined in this suit and claimed no part of the proceeds of the deceased's insurance. After the death of the insured, appellant Elaine R. Wilson made a claim to the Veterans Administration for all the proceeds of the insurance policy in question. The Veterans Administration made a determination in her favor, and would have paid the proceeds to her had it not been for the claims of the appellees. By reason of these claims, there arose a disagreement which resulted in the filing of this suit, placing the United States in the position of a stakeholder admitting liability but withholding payment until the court adjudicated the claim of the disagreeing parties.

On June 1, 1943, when the policy in question became effective, it was possible for the insured to name his beneficiaries from only a restricted permitted class of people, namely, his wife, children (including adopted children, stepchildren, or illegitimate children), parents (including parents through adoption, and persons who stood *in loco parentis* to him at any time for a period of not less than one year prior to entry into active service), and brothers and sisters ( including those of the half blood). Subsequently, on August 1, 1946, Congress amended 38 U.S.C.A. § 802(g), so as to provide that the provisions dealing with the restricted permitted class of beneficiaries were not to apply to any National Service Life Insurance Policy maturing on or after August 1, 1946. The question thus presented to us is whether the amendment of 38 U.S.C.A. § 802(g), with reference to the restricted permitted class of beneficiaries of National Service Life Insurance permits recovery by a designated beneficiary who had no insurable interest in the life of the insured because her purported marriage to him was void *ab initio,* since her divorce from a former husband was void, thus leaving her in legal effect still married to her former husband. The statutory provision in question, 38 U.S.C.A. § 802(g), is as follows: "The insurance shall be payable only to a widow, widower, child (including a stepchild or an illegitimate child if designated as beneficiary by the insured), parent, brother or sister of the insured. The insured shall have the right to designate the beneficiary or beneficiaries of the insurance, but only within the classes herein provided,

and shall, subject to regulations, at all times have the right to change the beneficiary or beneficiaries of such insurance without the consent of such beneficiary or beneficiaries but only within the classes herein provided: Provided, That the provisions of this subsection as to the restricted permitted class of beneficiaries shall not apply to any national service life-insurance policy maturing on or after August 1, 1946."

The proviso in the foregoing subsection was added by amendment in the Insurance Act of 1946, which was approved August 1, 1946. From the express wording of the proviso, we are impelled to conclude that it was meant to reach all policies, whether issued before, on, or after August 1, 1946, so long as the policy matured on or after said date. The proviso, in effect, completely removes any restriction as to permissible beneficiaries, so that any person who, at the time of such subsequent maturity of the policy, was named as beneficiary therein could properly receive the insurance, even though at the time of the attempted designation such person might not have been within the permissible class.

The judgment appealed from is reversed, and judgment rendered herein for the appellants.

Reversed and rendered.