## HAUPT et al. v. UNITED STATES.
### Civ. A. 1274.

United States District Court
D. Rhode Island.

Jan. 22, 1953.

Philip M. Hak, of Pawtucket, R. I., for plaintiffs.

George F. Troy, U. S. Atty., and Edward M. McEntee, Asst. U. S. Atty., both of Providence, R. I., for defendant.

LEAHY, District Judge.

This is an action by the plaintiffs, Berthold B. Haupt and Elsie M. Haupt to recover the proceeds of an insurance policy issued by defendant United States of America. The United States in its answer filed a counterclaim for interpleader in accordance with the provisions of 38 U.S.C.A. § 445, and thereupon Mercedas Haupt Houser was made an additional party defendant.

Although personally served with process on October 23, 1951, in the City of Knoxville, Tennessee, she failed to appear, and no appearance was made in her behalf. Said Mercedas Haupt Houser has also been known at various times as Mercedas Lundy, Mercedas Kinoian, and Mercedas Haupt, and these names will be used hereinafter to identify her as the circumstances may require.

This court has jurisdiction under the provisions of 38 U.S.C.A. § 445.

The case was tried without a jury and was submitted to the court for decision on oral testimony, arguments, and on a brief filed by the plaintiffs.

The plaintiffs are the father and mother of the late Kenneth B. Haupt, a lieutenant in the United States Air Force, who died on or about August 5, 1950. At the time of his death, the life of said Kenneth B. Haupt was insured under policy number V 957–027 of National Service Life Insurance, in the amount of $10,000. The policy became effective on May 12, 1949, at which time the insured was unmarried. The full amount of the policy was made payable to the father of the insured, as principal beneficiary, and to the mother as contingent beneficiary.

On January 28, 1950 the insured and one Mercedas Lundy were parties to a marriage ceremony which took place in the State of Arizona. Prior to this ceremony, however, Mercedas Lundy had on November 28, 1948 married Hagop Kinoian, of the City of Pawtucket, Rhode Island. She lived with said Kinoian as his wife during portions of the years 1948 and 1949. During the latter part of December 1949, she deserted Kinoian, and approximately a month later she participated in the marriage ceremony with the insured. For the purposes of this later marriage, she used the name Mercedas Lundy, that having been her name prior to her marriage to Kinoian. Hagop Kinoian testified in this court that he and said Mercedas Kinoian have not been divorced, and that he is still married to her.

On February 9, 1950, the insured changed his insurance policy in respect to the beneficiaries named therein, so as to read as follows:

| Complete name and address of each beneficiary | Relationship to Insured | Amount of Insurance to be paid to each beneficiary |
|---|---|---|
| (P) Mercedas Haupt 93 Mendon Avenue Pawtucket, Rhode Island | Wife | 50% |
| (C) Elsie Margaret Haupt 93 Mendon Avenue Pawtucket, Rhode Island | Mother | 50% |

By this change, the insured designated Mercedas Haupt, whom he described therein as his "wife", as principal beneficiary of 50% of the proceeds of the policy, and his mother, Elsie Margaret Haupt, as contingent beneficiary of this 50%. The beneficiary designation of the remaining 50% was not changed.

Upon the death of the insured, the plaintiffs filed a claim with the Veterans Administration for payment to them of the full amount of the proceeds of the insurance policy on their son's life. This claim was denied, the plaintiffs being informed, however, that plaintiff Berthold B. Haupt would receive payment of 50% of the proceeds of said policy. Plaintiffs thereupon gave notice to the Veterans Administration of their intention to institute legal proceedings, and commenced this action under the provisions of 38 U.S.C.A. § 445.

The issue presented is whether or not, under the circumstances of this case, the designation by the insured of Mercedas Haupt, "wife", as the principal beneficiary of 50% of the proceeds of the insurance

policy conferred upon her any right to any part of said proceeds.

No brief has been submitted to the court on behalf of the Government. It stands in the position of a stakeholder, admitting that $10,000 is due on the policy, but leaving it to the court to determine to whom and in what proportion said sum shall be paid.

No dispute exists between the plaintiffs inter se as to the distribution of the proceeds of the policy. They deny, however, that Mercedas Haupt Houser, who has filed a claim with the Veterans Administration for a portion of said proceeds, is entitled to share in any part of such distribution.

The plaintiffs contend that the insured's purported marriage to Mercedas Lundy was void ab initio, and that the above mentioned change in the designation of beneficiary was ineffective as to her, because induced by fraud, in that Mercedas Lundy intentionally misled the insured into believing that she was his lawful spouse.

The court finds from the evidence presented in this case that Mercedas Lundy was still married to Hagop Kinoian at the time when she participated in the marriage ceremony with the insured. Her marriage to the insured was therefore null and void. It is evident here that at the time of this ceremony, she was under no misapprehension with respect to the status of her marriage to Kinoian. Indeed, this ceremony took place only a few weeks after she had separated from Kinoian, her lawful husband. She thus became a party to this ceremony, even though she knew that she was then married to Kinoian, and that her purported marriage to the insured was void.

In regard to the insured's knowledge, or lack of it, relative to the true marital status of his "wife", the plaintiffs testified that although the insured had brought his "wife" home to meet them in May of 1950, he did not at any time mention to them that she had been previously married. He did inform them, however, of having met Mercedas Lundy in Arizona, and of his subsequent marriage to her in that State. Plaintiffs testified further that they did not learn of Mercedas Lundy's previous marriage to Kinoian until after the insured's death. There is no evidence that the insured ever had knowledge of this previous marriage.

It seems improbable that an officer in the United States Air Force would bring a woman into the same community in which her lawful husband was then residing and present her to his parents as his "wife", if he then knew of her true marital status. Otherwise the court would have to assume, without any evidence, that the insured intentionally participated in a marriage known by him to be bigamous and void. Such an assumption is unwarranted. The court is satisfied that the insured was ignorant of the previously existing marriage of his "wife", and of the fact that his own marriage to her was void.

All the elements of fraud are present in this case. See 37 C.J.S., Fraud, § 3 and cases cited therein. It is clear that these elements may be established by circumstantial evidence. Connolly v. Gishwiller, 7 Cir., 1947, 162 F.2d 428, certiorari denied 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400; Chorost v. Grand Rapids Factory Show Rooms, 3 Cir., 1949, 172 F.2d 327. The facts and circumstances here clearly establish the inference of fraud. By the willingness of Mercedas Lundy to enter into marriage with the insured she made an implied representation to him that she was unmarried, and intentionally misled him into believing that she could lawfully enter into a valid marriage with him. This constituted fraud on her part. It was a continuing fraud. Batty v. Greene, 1910, 206 Mass. 561, 92 N.E. 715. The court is satisfied that the insured relied on this fraudulent representation when he participated in the marriage ceremony, and that he continued so to rely up to the time of his death. The court is satisfied that the insured would not have entered into the purported marriage with Mercedas Lundy if she had not fraudulently misled him into believing that she was unmarried, and would not, within two weeks after such marriage, have designated her as a beneficiary if she had not fraudulently misled him into believing that she was his lawful spouse. The court finds that this fraud was the motive

which induced the insured to designate Mercedas Haupt as a beneficiary of the insurance policy. In view of this, to allow the payment to her of any portion of the proceeds of said policy would be to permit her to profit from her illegal, immoral, and fraudulent conduct at the expense of those persons who would otherwise have been entitled to such payment.

The situation here is thus clearly distinguishable from that where the parties enter into an invalid marriage in good faith. Cf. Wilson v. Kyle, 5 Cir., 1951, 186 F.2d 621. See also 57 Am.Jur., Wills, § 1386. In the Wilson case the invalidity of the second marriage was based on a mistake of law and fact. In the instant case, however, the invalidity of the second marriage is based on fraud, and the same fraud invalidates not only the marriage but also the designation of Mercedas Haupt as a beneficiary. Batty v. Greene, supra.

The court finds that (1) Mercedas Haupt Houser is not entitled to any part of the proceeds of this policy; and (2) plaintiffs Berthold B. Haupt and Elsie M. Haupt are each entitled to receive one-half of said proceeds.

Judgment may be entered for the plaintiffs in accordance with this opinion.