Julia KISS, Plaintiff,

v.

UNITED STATES of America, Defendant and Elizabeth Mary Szollosy, Additional Defendant.

Civ. A. No. 13137.

United States District Court
E. D. Pennsylvania.

Oct. 15, 1954.

---

Thomas M. Schubert, William E. Schubert, Jr., Philadelphia, Pa., for plaintiff.

W. Wilson White, Eugene J. Bradley, Philadelphia, Pa., for defendant.

Henry L. Schimpf, Jr., Philadelphia, Pa., for additional defendant.

LORD, District Judge.

Plaintiff, Julia Kiss, brought this suit for the recovery of the proceeds of a National Service Life Insurance Policy by reason of the death of her son, Michael Szollosy. Elizabeth Mary Szollosy was made an additional defendant. When the case appeared for trial, the parties agreed upon a stipulation of facts. Substantially, the facts are as follows:

The insured, Michael Szollosy, was married to Elizabeth Mary Szollosy, additional defendant, on September 20, 1941. While in the military service he applied for and was granted National Service Life Insurance in the amount of $10,000 under Certificate No. N–17 019 643, effective July 19, 1944. This policy was subject to the National Service Life Insurance Act of 1940, 38 U.S.C.A. § 801, and "of any amendments thereto". The insured named the additional defendant, Elizabeth Mary Szollosy, described as wife, as principal beneficiary, and the plaintiff, Julia Kiss, described as mother, as contingent beneficiary. The insured and his wife were divorced on January 23, 1950. He met his death while in the military service on September 4, 1950, at which time the insurance was in full force and effect. No change of beneficiary was ever made.

The plaintiff and additional defendant filed claims with the Veterans' Administration for the proceeds of the policy. The Veterans' Administration denied the claim of the plaintiff and upheld the claim of the additional defendant, whereupon an award was prepared in favor of the additional defendant, but no payments have been made pursuant thereto.

The plaintiff contends that the divorce terminated the designation of Elizabeth Mary Szollosy as beneficiary by virtue of the fact that at the time of insured's death she was no longer his wife and no longer within the permitted class as originally provided under the National Service Life Insurance Act of 1940.

When this insurance became effective in July, 1944, the National Service Life Insurance Act of 1940 allowed the naming of beneficiaries only within a restricted permitted class, as defined by Section 602(g), 38 U.S.C.A. § 802(g), with the right to change the beneficiary at any time but only within the restricted permitted class. The plaintiff, as mother, and the additional defendant, as wife, were in the permitted class. However, the provisions of Section 602 (g), 38 U.S.C.A. § 802(g), were amended by the Insurance Act of 1946, approved August 1, 1946, by adding the following:

"Provided, That the provisions of this subsection as to the restricted permitted class of beneficiaries shall not apply to any national service life-insurance policy *maturing* on or after August 1, 1946."

Accordingly, while the additional defendant was no longer the insured's wife at the time of his death, this requirement would not be necessary if the amendment is to apply. It is clear that the amendment was to apply to any policy "maturing" after August 1, 1946.

This precise question would appear to have been decided in favor of the additional defendant in the case of Tannehill v. United States, D.C.N.D.Ala.1949, 82 F.Supp. 362, at page 363, where the Court said:

"It is my opinion that since the insurance policy involved herein matured after August 1, 1946, it is immaterial as to whether the said Sallie Tannehill was the wife of the insured on the date of his death or as to whether in fact she was ever his lawful wife. Section 4 of the Insurance Act of 1946, which amended Section 602(g) of the National Service Life Insurance Act of 1940, as amended, Title 38, U.S.C.A. § 802(g), is clear and unambiguous in its import. The congressional intent of this amendment is unmistakable."

See also White v. United States, 1926, 270 U.S. 175, 46 S.Ct. 274, 70 L.Ed. 530; Burton v. United States, D.C.W.D.La. 1951, 95 F.Supp. 474; and Wilson v. Kyle, 5 Cir., 1951, 186 F.2d 621, at page 623, in which latter case, the Court, in speaking of the amendment of August 1, 1946, stated in part as follows:

" * * * The proviso, in effect, competely removes any restriction as to permissible beneficiaries, so that any person who, at the time of such subsequent maturity of the policy, was named as beneficiary therein could properly receive the insurance, even though at the time of the attempted designation such person might not have been within the permissible class."

The plaintiff argues that the amendment of 1946 is ineffective as an impairment of the obligation of contracts and within the prohibition of the 5th Amendment of the Constitution and that this contention was not advanced in the cases heretofore cited as controlling. The case of Lynch v. United States, 1934, 292 U.S. 571, 54 S.Ct. 840, 78 L.Ed. 1434, is relied upon by the plaintiff as authority for this view. However, that case is clearly distinguishable from the instant case. There the Congress had "repealed" all laws granting or pertaining to yearly renewable term insurance. It was there properly held that Congress had no authority to *annul* any rights accrued to beneficiaries under war risk insurance contracts. There Congress attempted to *cancel* the insurance contracts entirely. In the present case however, the 1946 amendment did not cancel or abrogate the rights of any party. It merely expanded or enlarged the benefits to insured under the Act by removing restrictions as to a permitted class of beneficiaries.

For the above reasons, it follows that the additional defendant, Elizabeth Mary Szollosy, is entitled to payment of the benefits under the present policy.

Let judgment be entered accordingly.