Brassard, J.
INTRODUCTION
This matter comes before the court on the defendants’, Katherine A. Pacitto (“Pacitto”), Executrix of the Estate of Katherine A. Scalfani, Josephine Car-gill (“Cargill”) and Joseph Morrissey (“Morrissey”), motion for summary judgment. For the reasons discussed below, the defendants’ motion for summary judgment is DENIED.
*338 BACKGROUND
The plaintiff, Michael Scalfani (“Michael"), brings this action as Executor of the Estate of Josephine Scalfani (“Josephine”), his mother. Pacitto is the Executrix of the Estate of Katherine A. Scalfani. Katherine A. Scalfani (“Katherine") is the sister of Michael and the cousin of Pacitto. Cargill is the mother of Pacitto. Morrissey is the attorney who drafted the will of Katherine and prepared, notarized and recorded the deed in question.
Josephine owned a home located at 220 Ferry Street in Everett, Massachusetts. Michael and Katherine lived there almost their entire lives with their parents. Josephine suffered from Parkinson’s disease and allegedly dementia, while Katherine had multiple sclerosis. Towards the end of their lives, Katherine and Josephine lived together in the downstairs apartment, while Michael lived in the upstairs apartment with his family.
In December 1988, Josephine gave power of attorney to her daughter, Katherine. This gave Katherine full authority to manage Josephine’s financial matters. On January 24, 1989, Josephine deeded to Katherine her home at 220 Ferry Street. This transfer of deed was done independently of the power of attorney. The deed was prepared by Morrissey.
In January 1996, Katherine died. Her will left her entire estate to Pacitto. In March 1996, Michael objected to his sister’s will and claimed that his sister had been unduly influenced by Pacitto and others. The Middlesex Probate Court found Michael’s objections to be groundless. Josephine died on July 20, 1996, and Michael was appointed executor of her estate. Josephine’s estate is insolvent.
Michael is not contesting the validity of his sister’s will before this court. He is contesting, on the grounds of fraud, the deed which transferred 220 Ferry Street from Josephine to Katherine and he alleges that money belonging to Josephine was fraudulently taken by the defendants.
DISCUSSION
This court grants summary judgment where there are no genuine issues of material fact and where the record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.R.Civ.P. 56(c). “The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entitles the moving pariy to judgment as a matter of law.” Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). “The nonmoving party cannot defeat the motion for summary judgment by resting on its pleadings and mere assertions of disputed facts . . .” LaLonde v. Eisner, 405 Mass. 207, 209 (1989).
The defendants move for summary judgment on three theories. These are: (1) the complaint is barred by the provisions of G.L.c. 260, §2A and §4; (2) the decision made by the probate judge collaterally estops the claims alleged in the complaint; and (3) the complaint fails to state a claim upon which relief may be granted.
A. M.G.L.c. 260, §2A and §4.
The defendants argue that the plaintiffs claims are barred by the statute of limitations. In Massachusetts, a plaintiff must file a cause of action in tort within three years after the cause of action accrues. G.L.c. 260, §2A; Shahzade v. Gregory, 930 F.Sup. 673 (D.Mass. 1996). This three-year statute of limitations also applies to actions of contract or tort for malpractice against attorneys. G.L.c. 260, §4. A cause of action will accrue when a plaintiff knows of the cause of action or should reasonably have known of the cause of action. Riley v. Presnell, 409 Mass. 239 (1991). However, “the statute of limitations may be tolled under G.L.c. 260, §12, if the wrongdoer, either through actual fraud or in breach of a fiduciary duty of full disclosure, keeps from the person injured knowledge of the facts giving rise to a cause of action and the means of acquiring knowledge of such facts.” Frank Cooke, Inc. v. Hurwitz, 10 Mass. App. 99, 106 (1980); G.L.c. 260, §12. “(T]he question when a plaintiff knew or should have known of this cause of action is one of fact which in most instances will be decided by the trier of fact.” Riley, 409 Mass at 240. An action that would have survived the original party in her lifetime may be commenced by her executor or administrator. G.L.c. 228. Also, actions to recover property obtained by fraud survive the death of the party defrauded. Marvel v. Cobb, 200 Mass. 293 (1908); Lovejoy v. Bailey, 214 Mass. 134 (1913); Batty v. Greene, 206 Mass. 561, 564 (1910). Finally, the right to maintain a lawsuit in equity to set aside a deed that was transferred by fraud or deceit is not lost when the person defrauded dies. Busiere v. Reilly, 189 Mass. 518 (1905).
The question before this court is when did the decedent, Josephine, know or when should she reasonably have known of the alleged fraudulent withdrawal of funds and transfer of the deed to 220 Ferry Street and the alleged malpractice by Morrissey. To determine when the cause of action accrued, this court must determine when Josephine (1) had knowledge or sufficient notice that she was harmed and (2) had knowledge or sufficient notice of what caused the harm. Bowen v. Eli Lilly & Co., 408 Mass. 204, 208 (1990). The plaintiff argues that Josephine believed she was the owner of 220 Ferry Street up until the time of her death. Furthermore, the plaintiff states in his affidavit that Josephine suffered from dementia and Parkinson’s disease, and could not have been competent enough to have knowledge of the deceit and fraud. “An injury to the mind could interfere with the discov *339 eiy of the cause of action.” Riley, 409 Mass. at 246. He also alleges that Katherine intentionally concealed the transfer of the home up until her death. The plaintiff concludes that the deceit and fraud on the part of the defendants could not have been discovered until January 1996, when Katherine died. Accordingly, because this action was filed in December 1996, within three years of the death of Katherine, the action is timely.
The defendants assert that Josephine actively participated in the transfer of her personal property to her daughter by executing the power of attorney in December 1988. The defendants also point to the affidavits of certain witnesses and urge that Josephine was capable of transferring the deed and that the deed was not obtained by fraud and deceit. The defendants conclude that Josephine knew or should have known of the facts that would give rise to any claim sometime in January 1989, which is beyond the statute of limitations.
This court, however, does not believe the defendants have met their burden of affirmatively demonstrating the absence of a triable issue. Pederson, 404 Mass. at 16-17. The affidavit of Madeline Caruso does not specifically address Josephine’s mental condition at the time of the transfer of the deed. Also, Morrissey’s deposition testimony does not specifically address Josephine’s mental state at the time of the deed transfer. There are genuine issues of fact in dispute concerning the tolling of the statute of limitations with regard to the claims against all the defendants.
B. Mass.R.Civ.P. 9(b)
The defendants also assert that Counts I and II of the plaintiffs complaint do not allege fraud and deceit with particularity as required by Mass.R.Civ.P. 9(b). After a close review of the entire complaint, this court finds that the circumstances constituting fraud are stated with particularity as defined by 9(b). Thus, the defendants, motion on this basis is inappropriate.
C. Collateral Estoppel.
The defendants next urge that Michael is collaterally estopped from raising the validity of the transfer of the property from Josephine to Katherine because Michael chose not to raise this issue during the proceeding in Probate Court.
Collateral estoppel, or issue preclusion, precludes the relitigation of issues that have previously been litigated. 50 C.J.S. Judgment §779. “The premise of collateral estoppel is that once an issue has been resolved in a prior proceeding, there is no further fact finding function to be performed.” Id. In deciding whether to apply collateral estoppel, a court must weigh the need to limit litigation against the right of a fair adversary proceeding in which a party may fully present his case. Id. The elements of issue preclusion are the “identify of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction.” Almeida v. Travelers Ins. Co., 383 Mass. 226, 229 (1981) (citing Franklin v. North Weymouth Coop. Bank, 283 Mass. 275, 280 (1933)).
Collateral estoppel does not apply to a situation where an issue is being raised for the first time in a new cause of action. Marcus v. Richardson, 299 Mass. 11, 13 (1937) (holding that “[t]he familiar rule is that as between the same parties a judgment on the merits in an earlier proceeding is a bar, as to every issue that in fact was or in law might have been tried, to a later proceeding upon the same cause of action, but that when the second proceeding between the same parties is upon a different cause of action from the first, then the judgment in the earlier proceeding is conclusive only upon those issues which actually were tried and determined”). The proceeding in Probate Court was to determine the validity of Katherine’s will; this proceeding challenges the validity of a transfer of property from Josephine to Katherine. The proceeding in Probate Court addressed the issue of whether Katherine’s will was the product of undue influence; this proceeding addresses whether Katherine fraudulently obtained Josephine’s property. The two proceedings are based upon different causes of action.
CONCLUSION
This court finds that for the foregoing reasons there are genuine issues of material fact, and therefore, the moving party is not entitled to judgment as a matter of law.
ORDER
The defendants’ motion for summaiy judgment is DENIED.